Frederick Seeds, Minor et al., Appellees, v. Chicago Transit Authority, Appellant.

Gen. No. 45,028.

Opinion filed November 29, 1950. Released for publication February 23, 1951.

Werner W. Schroeder, William S. Allen, Fred J. O'Connor, and Arthur J. Donovan, all of Chicago, for appellant; James O. Dwight and James E. Hastings, both of Chicago, of counsel.

Wm. H. Arpaia, of Chicago, for appellees.

Mr. Presiding Justice Burke delivered the opinion of the court.

On issue joined in a complaint at law filed in the circuit court of Cook county, Frederick Seeds was awarded a verdict of $100, George Seeds a verdict of $300 and Mrs. James A. Wood a verdict of $4,600. On denial of motions for a new trial and for judgment notwithstanding the verdict, judgment was entered against Chicago Transit Authority, which had assumed the liability of Chicago Surface Lines. Defendant appealed.

Higgins Road, a four lane highway, runs in a northwesterly and southeasterly direction in the City of Chicago. Meade avenue runs in a northerly and southerly direction and intersects Higgins Road at 6100 west. On May 6, 1947, at about 6:30 p. m., defendant's bus was going northwest on Higgins Road. All the

seats of the bus were occupied. A few passengers were standing. A 1929 Oldsmobile had been following the bus for about a block and a half. The bus stopped at the intersection of Higgins Road and Meade avenue. The Oldsmobile hit the left rear corner of the bus and stopped with its front about five feet ahead of the bus. The stoplights on the bus were working and "lit up" when the bus began to stop. It had been raining shortly before the crash and the streets were wet. Plaintiff, Frederick Seeds, then 18 years old, was driving the Oldsmobile, and plaintiff, George Seeds (father of Frederick, plaintiff), Mrs. James A. Wood (sister of Frederick), James A. Wood and the Wood's baby were riding as guests. James A. Wood was on the front seat, while George Seeds, Mrs. Wood and the baby were on the rear seat.

The four adult occupants of the automobile said the bus stopped suddenly. Two of them said the bus stopped in 20 feet. Eight passengers on the bus, two of whom were employees of defendant and one of whom was an employee's wife, testified. None of them said that he or she was jarred or jolted by the stop. Plaintiffs' only disinterested witness who saw the collision, Jack Meggison, said the bus stopped in 50 to 55 feet after the brakes were applied, although he first said 25 to 30 feet. There was a dispute as to whether the bus stopped in the outside lane or stopped partly in both westbound lanes. Plaintiffs' witnesses said that the bus was partly in both lanes when it stopped and had gone past the bus sign into the intersection. Frederick Seeds said that when the bus stopped the rear end skidded toward the center of the road. None of defendant's witnesses saw the automobile before the crash. Frederick Seeds said that he had been following the bus for about a block and a half. Both vehicles were in the lane next to the center line. The bus was 50 feet ahead of him, but when the bus stoplights went

on he was 30 feet behind the bus. George Seeds said that when the bus stoplights went on the car in which they were riding was 30 or 40 feet behind the bus. Mrs. Wood said a quarter of a block. Mr. Wood said 40 or 50 feet, and just before the impact, 25 feet. Meggison, who was driving behind Seeds, said Seeds was 25 to 30 feet behind the bus when the bus driver put on his brakes. All of plaintiffs' witnesses who testified as to speed said the two vehicles were going 25 to 30 miles an hour before the stop. Plaintiffs' witness Meggison said that Seeds put on his brakes "a couple of seconds after the bus applied the brakes." Eight persons on the bus, including the driver, said the bus had stopped and one or more passenger had gotten off before the car struck the rear of the bus. The remaining passenger witness said he did not notice anyone getting off the bus. None of the persons who got off before the impact testified. Meggison and Wood said that they did not notice any passengers getting off the bus before the impact. Meggison said the bus was just coming to a complete stop when the impact occurred. Wood said the automobile was 25 feet away when he noticed the bus had come to an abrupt stop. Mrs. Wood and George Seeds indicated that the car was about 20 feet away when the bus had slowed down or stopped. The bus was equipped with air brakes and had good tires. Another of defendant's busses was southeast bound at the time of the impact.

 In our opinion Frederick Seeds was entirely to blame for the collision. His car was traveling at a speed of 25 to 30 miles an hour and the bus was traveling at the same rate of speed. When the bus began to stop, Seeds' car was about 30 feet directly behind it. The car was moving about 37–45 feet each second. When the bus brakes went on and the stoplights flashed, Seeds would have to see the stoplights, react and put his foot on the brake. Common knowledge tells us that

the "reaction time" would be at least a second. Meggison said it took Seeds "a couple of seconds." The distance of 37–45 feet a second in which the automobile was traveling was much more than the 30 feet margin of safety which Seeds gave himself. The physical facts tell the same story. Seeds admitted he saw the bus stoplights go on. He had warning that the bus was going to stop. He could not stop before colliding with the bus. He used up his margin of distance and about another 30 feet before stopping the car. He did not stop at the rear of the bus. He passed its entire length, about 28 feet, and stopped about five feet in front of the bus. Seeds knew that Meade avenue was a bus stop. Even with the warning from the stoplight he went five feet past the bus before stopping. Sec. 61 of the Uniform Act Regulating Traffic on Highways (par. 158, ch. 95½, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 85.190]) reads:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

Frederick Seeds did not have due regard for the speed of the bus, the traffic or the condition of the highway. We find as a matter of law that he was negligent in that he followed the bus too closely.

██ We find further as a matter of law that the negligence of Frederick Seeds was the sole proximate cause of the mishap which resulted in the injuries to the other plaintiffs. In deciding whether the court should have granted defendant's motion for judgment notwithstanding the verdict, we are aware of the well-recognized rule that we have no right to pass upon the credibility of the witnesses, to consider any purported impeachments, the weight thereof, or the weight of the testimony, since the motion admits the evidence in

favor of plaintiff to be true, together with all legitimate inferences. From a careful consideration of the record we are convinced that it was the duty of the trial judge to grant defendant's motion for judgment notwithstanding the verdict. Therefore, the judgment of the circuit court of Cook county is reversed and the cause remanded with directions to enter judgment for the defendant and against plaintiffs.

*Judgment reversed and cause remanded with directions.*

KILEY and LEWE, JJ., concur.