GLADYS PAULSEN, appellant, v. LOWELL MITCHELL, appellee.

No. 50013.

(Reported in 105 N.W.2d 603)

OCTOBER 18, 1960.

Jones, Cambridge & Carl, of Atlantic, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

GARFIELD, J.—This is a law action for damages resulting from a motor-vehicle accident in which plaintiff's Ford automobile and defendant's stock truck were involved. At the close of the evidence the court directed a verdict for defendant evidently on the ground of plaintiff's contributory negligence. From judgment thereon plaintiff has appealed.

The accident occurred on U. S. Highway 6 just southwest of Atlantic about 11:30 p.m. Plaintiff, age 41, was driving her Ford automobile northeast toward the city. Defendant, age 42, drove his stock truck onto the pavement from a "truck stop" on the westerly side thereof, made a left turn in front of plaintiff and headed toward Atlantic. When plaintiff saw the truck across the highway ahead of her she pulled over to the right (east) dirt shoulder and succeeded in passing the truck after it had been straightened out for about 100 feet. Soon afterwards her car turned over twice in the loose dirt on the shoulder.

Authorities need not be cited for the familiar rule that in reviewing the evidence upon this appeal it is our duty to

consider it in the light most favorable to plaintiff. It is equally well settled that the issue of freedom from contributory negligence is generally one of fact for the jury. Geisking v. Sheimo, 252 Iowa 37, 105 N.W.2d 599. Only where plaintiff's contributory negligence is so palpable that reasonable minds may fairly reach no other conclusion is the issue one of law for the court. Boegel v. Morse, 251 Iowa 1253, 104 N.W.2d 826, and citations; Mueller v. Roben, 248 Iowa 699, 702, 703, 82 N.W.2d 98, 100, and citations.

We have said many times that it is the settled rule in this state that if there is any evidence tending to establish plaintiff's freedom from contributory negligence the question is one for the jury. Huffman v. King, 222 Iowa 150, 154, 268 N.W. 144, 147, and citations; Pierce v. Dencker, 229 Iowa 479, 484, 294 N.W. 781, 783; Clark v. Umbarger, 247 Iowa 938, 946, 75 N.W.2d 243, 247; Auen v. Kluver, 250 Iowa 619, 625, 95 N.W.2d 273, 276.

It may be well to observe now that defendant seeks to uphold the directed verdict by arguing plaintiff failed to show freedom from contributory negligence, or was contributorily negligent as a matter of law, in these four respects: lookout, speed and violation of the assured-clear-distance rule, passing the truck on the right, and control of her car.

The pavement had recently been widened to 24 feet by putting a three-foot strip on each side of the old slab. The shoulder had not been completed, soft dirt was piled there and it was only about three feet wide. At the truck stop there was a filling station and, north of it, a restaurant. The drive into the truck stop was not far north of the restaurant. Opposite the restaurant was the entrance to a motel on the east side of the highway. North of the motel was a new addition with three driveways leading to it. Plaintiff's car overturned midway between the south driveway to the addition and the one north of it. There was quite a drop-off from the pavement onto the shoulder at this point. South of the south driveway into the addition was a very deep ravine caused by the natural flow of water.

It is about .3 mile from the drive into the motel to the

crest of a hill to the south. There are many lights at the truck stop and the whole area around there was well lighted. Posted speed limit was 45 miles per hour. According to plaintiff she was not exceeding it. She says she had driven from Omaha that evening at 45 to 50 miles per hour and if she drove much over that speed her motor would heat.

Plaintiff testifies that when she was about 100 feet south of the driveway into the truck stop she first saw the truck coming out of the driveway. It was clear across the paving headed northeast at an angle. She had not seen headlights or other lights of the truck although she says she was watching ahead.

We quote plaintiff's testimony as to what then happened: "When I saw that I hollered at Bob and pulled over to the shoulder and put on my brakes and got out in that loose dirt and it tended to throw me and I honked my horn and tried to stay out of that deep hole on the east side. I do not remember seeing the truck again. As I proceeded I put on my brakes and got two wheels in that loose dirt and I knew that big hole was there and I was trying to work with my car and keep it out of that hole. Somehow or other I think I got by the truck. I think he pulled over on the other side enough for me to get by and I kept working with my car to keep it from going in that deep hole and I kept using my brakes off and on and tried to get back on the highway and it sort of jerked me across the highway and I thought there might be another car coming so I tried to pull it the other way and it rolled over twice. At the time I saw this truck my speed was approximately 45 miles an hour."

"Bob", to whom plaintiff refers, was her brother-in-law who was riding with her and suffered fatal injury in the accident. The hole to which plaintiff refers is the deep ravine previously mentioned.

The above is a sufficient indication of the facts at this point. Other evidence will be referred to later.

I. On the question of lookout defendant argues plaintiff was contributorily negligent in not seeing the truck until she was about 100 feet from it, that either she did not look or, if she looked, did not see it when it was in plain view.

70

We have no statute requiring a motorist to keep a lookout. However, all motorists are under the common-law duty to exercise ordinary care—the care of an ordinarily prudent person—under the circumstances, in the matter of maintaining a lookout. Hutchins v. LaBarre, 242 Iowa 515, 528, 47 N.W.2d 269, 276, and citations; Arenson v. Butterworth, 243 Iowa 880, 889, 54 N.W.2d 557, 562; Miller v. Stender, 251 Iowa 123, 129, 98 N.W.2d 338, 342, and citations. See also Mueller v. Roben, supra, 248 Iowa 699, 705, 706, 82 N.W.2d 98, 102, and citations; Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 1011, 82 N.W.2d 82, 86.

In determining whether plaintiff was contributorily negligent as a matter of law in the matter of lookout an important consideration is the fact she was proceeding upon a through highway which defendant was entering and she had the right, unless she knew or should have known otherwise, to assume he or others entering the highway would comply with section 321.353, Code, 1958, which provides: "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall stop such vehicle immediately prior to driving on said highway and shall yield the right of way to all vehicles approaching on said highway."

It is clear plaintiff was approaching upon a through highway and it was defendant's duty to yield the right of way to her. Plaintiff was also approaching the truck from the right and ordinarily would be entitled to the directional right of way (Code section 321.319) and to assume it would be accorded her.

It is perhaps true plaintiff did not see the truck start onto the highway as soon as she might have seen it. But we think she is not chargeable with contributory negligence as a matter of law in this respect. She was not bound to see it at the earliest possible moment. As stated, her duty was the exercise of ordinary care under the circumstances.

It is not surprising plaintiff did not see the lights of the truck if they were lighted. The headlights were headed east and northeast, away from her and the highway. They and the smaller lights on the truck may not have been clearly visible in the well-lighted area of the truck stop.

■ . We have said several times that a motorist who has the directional right of way is not contributorily negligent as a matter of law in failing to look to his left at all upon approaching an intersection, in view of the right of. way to which he is entitled and his right to assume it will be accorded him. Roe v. Kurtz, 203 Iowa 906, 907–910, 210 N.W. 550; Hutchins v. LaBarre, supra, 242 Iowa 515, 533, 47 N.W.2d 269, 279, 280; Perry v. Eblen, 250 Iowa 1338, 1348, 98 N.W.2d 832, 838; Kuehn v. Jenkins, 251 Iowa 718, 730, 100 N.W.2d 610, 617. See also Arends v. DeBruyn, 217 Iowa 529, 252 N.W. 249. Roe v. Kurtz, Hutchins v. LaBarre, and Arends v. DeBruyn reverse judgments on a directed verdict against the claimant. Of course what has just been stated does not mean a motorist who does not look to his left is free from contributory negligence. It merely means it is a jury question. Perry v. Eblen, supra.

There seems to be fully as much reason as in the cited precedents for holding this plaintiff, who looked and saw the truck pulling onto the protected highway from her left 100 feet ahead of her, was not contributorily negligent as a matter of law in maintaining a lookout.

■ II. Code section 321.285 required plaintiff to drive at a careful and prudent speed not greater than was reasonable and proper, having due regard to existing conditions, and not greater than would permit her to. stop within the assured clear distance ahead, she "having the right to assume, however, that all persons using said highway will observe the law." Speed in excess of 45 miles per hour was also unlawful. As stated, plaintiff testifies her speed did not exceed this 45-mile limit.

Defendant's claim of excess speed is largely based on testimony of a state patrolman who investigated the accident as to length of tire marks on the right (east) shoulder and the pavement. He says it was 576 feet from the place near the driveway to the motel where one track left the pavement north to where the car came to rest on its top, the right wheels were on the shoulder and left wheels on the pavement the first 300 feet, then all four wheels were off the pavement an undisclosed distance, for 80 feet immediately south of the place where the car came to rest in the ditch there were tire marks on the pavement.

This evidence would be quite persuasive as to speed of the automobile under other—probably the usual—circumstances. However, it appears without dispute the unfinished shoulder consisted of soft dirt only about three feet wide. At least where the car finally left the pavement there was "quite a drop-off" from the pavement to the shoulder. This would make it difficult to get a car back on the pavement from the shoulder. On the east side of the shoulder was a ditch. There is clear testimony plaintiff did not attempt to stop her car as quickly as possible—she did not think it wise to do so. An attempt to stop suddenly with even the right wheels on the narrow, soft shoulder might have proven more disastrous than the course she pursued of applying her brakes "off and on" and "working and working" with the car to keep it out of the deep ravine. Plaintiff says, "I was busy keeping the car, in that loose dirt, out of that hole. * * * All I could do was hang onto my car and I didn't use them [brakes] just all the time." At least she succeeded in avoiding the truck and the deep ravine.

Length of the tire marks is not conclusive evidence plaintiff's speed was such she could not have stopped in much shorter distance than 576 feet, that it exceeded 45 miles an hour, or was greater than reasonable and proper.

Nor did the assured-clear-distance-ahead rule entitle defendant to a directed verdict. As pointed out in Division I hereof, the finding is warranted defendant violated section 321.353 in not yielding the right of way to plaintiff. This violation, the jury could properly find, furnished plaintiff a legal excuse for her claimed failure to comply with the assured-clear-distance requirement. Angell v. Hutchcroft, 231 Iowa 1057, 1061, 3 N.W.2d 147, 149; Central States Electric Co. v. McVay, 232 Iowa 469, 473, 5 N.W.2d 817; Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 1361-1364, 29 N.W.2d 204, 207, 208, and citations; Miller v. McCoy Truck Lines, 243 Iowa 483, 486, 52 N.W.2d 62, 64; Sallee v. Routson, 247 Iowa 1220, 1224, 78 N.W.2d 516, 518.

Some of our precedents reach the same result by holding the assured-clear-distance rule is not applicable under facts analogous on principle. Leinen v. Boettger, 241 Iowa 910, 926,

44 N.W.2d 73, 82; Miller v. Stender, supra, 251 Iowa 123, 132, 98 N.W.2d 338, 344; Boegel v. Morse, supra, 251 Iowa 1253, 104 N.W.2d 826. See also Kimmel v. Mitchell, 216 Iowa 366, 249 N.W. 151 (which also supports our holding in Division I hereof on the question of lookout).

This from Miller v. McCoy Truck Lines, supra, at page 486 of 243 Iowa, page 64 of 52 N.W.2d, is applicable here: "It is not to be anticipated that a user of the highway will, with his vehicle, create an absolute barrier across the traveled portion thereof."

III. Defendant argues plaintiff was contributorily negligent as a matter of law in violating Code section 321.299 which provides, "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof * * *."

Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552, 554, and the many cases that follow it hold violation of such a statute as section 321.299 is negligence unless there is a legal excuse therefor. Two of the four excuses there recognized are:

"1. Anything that would make it impossible to comply with the statute * * *.

"3. Where the driver * * * is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute."

As previously stated, there is evidence defendant's truck occupied the full width of the pavement when plaintiff discovered it and was confronted with the imperative need of immediate action. Nor was the truck then "proceeding in the same direction"—it was "crossways" of the pavement. There was then no room to pass the truck on the left or on the right without leaving the roadway—the only part of the highway designed for travel. Plaintiff was driving on the right side of the pavement closer to the right shoulder than to the left. The truck obscured her view of the highway north of it. For all plaintiff knew, there was oncoming traffic in her left lane of travel. If she chose the left shoulder she would be more likely to strike the truck and would risk collision with an oncoming vehicle. We think there is substantial evidence of a legal excuse

for violation of section 321.299, if indeed there was such a violation.

Applicability of the first excuse quoted above may be debatable but it seems clear a jury could properly find plaintiff was confronted with a sudden emergency not of her own making and by reason thereof turned onto the right shoulder.

Harris v. Clark, 251 Iowa 807, 809–815, 103 N.W.2d 215, 217–219, is our latest precedent that considers at length the meaning of the term "emergency" as a legal excuse for violation of a statute. Decisions are there cited which hold in effect that evidence of a driver's negligence does not necessarily exclude a finding there was an emergency not of his own making. Numerous precedents are also cited which hold the questions whether an emergency existed and it was not of a driver's own making are ordinarily for the jury.

The present case is much like Leinen v. Boettger, supra, 241 Iowa 910, 921, 44 N.W.2d 73, 80, which holds a plaintiff was not contributorily negligent as a matter of law in turning onto the right shoulder of the highway when he ascertained that defendant was going to proceed across his path. We say, "When defendant did so the plaintiff was confronted with a sudden and serious emergency requiring an immediate change in the operation of his car. He had the choice of trying to stop his car and avoid a collision or to drive past on the shoulder. * * *. Going to the shoulder afforded a reasonable chance of avoiding a collision * * *." We also point out that the same degree of judgment is not required in an emergency that would otherwise be required. To like effect is Cunningham v. Court, 248 Iowa 654, 664, 665, 82 N.W.2d 292, 298.

The present case is also similar to Jeck v. McDougall Constr. Co., 216 Iowa 516, 246 N.W. 595, where we hold a jury could find the unexpected presence of an asphalt mixer on the highway after dark created such an emergency as would excuse plaintiff's decedent from attempting to pass it on the right.

Other Iowa cases where the driver of the overtaking vehicle was held not negligent as a matter of law in attempting to pass on the right include Harrington v. Fortman, 233 Iowa 92, 8 N.W.2d 713; Mongar v. Barnard, 248 Iowa 899, 905, 82 N.W.2d

765, 769; Boegel v. Morse, supra, 251 Iowa 1253, 104 N.W.2d 826, where, as here, defendant entered a through highway from the left, made a left turn in front of plaintiff who, to avoid a collision, turned to the right.

60 C.J.S., Motor Vehicles, section 326d(1), pages 761, 762, states that while an attempt to pass on the right of an overtaken vehicle ordinarily is negligence "circumstances may be such as to justify or excuse an attempt to pass on the right, as where a situation of peril is presented in which a reasonably careful man might consider an attempt to pass to the right as the most prudent means of avoiding an accident."

See also 5A Am. Jur., Automobiles and Highway Traffic, section 359; Annotations, 24 A. L. R. 1304, 1306; 63 A. L. R. 272, 278; 113 A. L. R. 1328, 1330; 38 A. L. R.2d 114, 120.

The last cited annotation lists decisions from 16 states following this statement: "However, there are many cases in which it has been held or recognized that under the circumstances considered the driver or owner of a motor vehicle overtaken by another vehicle which attempted to pass on the right was liable for a collision of the two vehicles, or for a collision of one of such vehicles with another object."

The facts in Wachter v. McCuen, 250 Iowa 820, 96 N.W.2d 597, cited by defendant, are quite different from those here. The Wachter case is analyzed in Harris v. Clark, supra, 251 Iowa 807, 814, 103 N.W.2d 215, 219. As there pointed out, Wachter's own testimony showed he voluntarily placed himself in a position of danger by deliberately attempting to pass defendant's truck on the right when he could have avoided the collision by stopping or even by reducing his speed and awaiting developments. Here the finding is warranted this plaintiff acted instinctively in a sudden emergency for which defendant was responsible.

IV. Plaintiff was not contributorily negligent as a matter of law in failing to exercise ordinary care in the matter of control of her car.

It is true that in attempting to extricate herself from the situation in which defendant placed her by not according her the right of way, as the jury could find, plaintiff lost control

of her car and it overturned. However, as previously explained, she did succeed in avoiding a collision with the truck and falling into the deep ravine. This is evidence the car was not then out of control. The fact plaintiff was entitled to the right of way over the truck is a material circumstance bearing upon the question of control. Dorman v. Service Sales Co., 241 Iowa 1182, 1184, 44 N.W.2d 716, 717, and citations.

These other precedents hold, under comparable facts, that a plaintiff was not contributorily negligent as a matter of law in the control of his vehicle. Boegel v. Morse, supra, 251 Iowa 1253, 104 N.W.2d 826; Mueller v. Roben, supra, 248 Iowa 699, 702–705, 82 N.W.2d 98, 100–102; Leinen v. Boettger, supra, 241 Iowa 910, 922–926, 44 N.W.2d 73, 80–82.

"* * * contributory negligence is not to be inferred merely from the fact that the plaintiff's car skidded at the time of the accident or just prior thereto. The skidding of an automobile is more an incidental, rather than a determinative, factor in judging the contributory negligence of a motorist injured in a collision." 5A Am. Jur., Automobiles and Highway Traffic, section 711.

We think it was error to direct a verdict for defendant on the ground plaintiff was contributorily negligent as a matter of law.—Reversed and remanded.

All JUSTICES concur except PETERSON, J., who takes no part.