VIRGINIA BANNISTER, a minor, by Willard Bannister, her father and next friend, appellee, v. MERRITT DALE, appellant.

No. 50313.

(Reported in 109 N.W.2d 626)

June 13, 1961.

Ross H. Sidney, of Des Moines, and Merrill C. Clark, of Estherville, for appellant.

Fitzgibbons & Fitzgibbons, of Estherville, for appellee.

GARFIELD, C. J.—This is a law action to recover from Merritt Dale for personal injuries to Virginia Bannister in an automobile collision in daylight at an intersection of gravel roads in the country. For convenience we refer to Virginia, age 16 at the time of the collision, as plaintiff although the action was brought by her father as next friend. Trial to court and jury resulted in judgment on verdict for plaintiff from which defendant has appealed.

Defendant-appellant's sole contention is the familiar one that the trial court should have ruled as a matter of law plaintiff was contributorily negligent and therefore could not recover. We hold the issue of freedom from contributory negligence was one of fact for the jury, not of law for the court and affirm the judgment.

It is perhaps unnecessary even to refer to certain basic, oft-repeated propositions here applicable. Of course we must view the evidence in the light most favorable to plaintiff. It is only the exceptional case in which the issue of freedom from contributory negligence should not be submitted to the jury—only where contributory negligence is so palpable that reasonable minds may fairly reach no other conclusion. If there is any evidence tending to establish plaintiff's freedom from contributory negligence, the question is for the jury. Numerous decisions in support of these propositions include Paulsen v. Mitchell, 252 Iowa 65, 68, 105 N.W.2d 603, 605, and citations; Peterschmidt v. Menke, 249 Iowa 859, 862, 863, 89 N.W.2d 152, 154, and citations.

It is equally fundamental that the burden to plead and prove freedom from contributory negligence rested on plaintiff. Hutchinson v. Minneapolis & St. L. Ry. Co., 252 Iowa 228, 232, 106 N.W.2d 419, 421, and citations. Other rules of law more particularly applicable to the facts here will be referred to later.

Plaintiff was driving her father's Buick sedan south. De-

fendant was driving his Chevrolet station wagon west. No one else was in either vehicle, and there were no other eyewitnesses. Both roads were of equal class—there were no stop signs at the intersection. Plaintiff, approaching from the right so their paths would intersect and there was danger of collision, was entitled to the directional right of way under section 321.319, Code, 1958. The roads and surrounding country were generally level. There was no obstruction to the view of either driver from the time plaintiff was about 650 feet north, and defendant about 950 east, of the intersection. Plaintiff testifies she saw defendant's car when the two vehicles were at these respective points. Defendant admits he did not notice the Buick until both cars were approximately to the intersection.

Plaintiff was driving 40 to 45 miles per hour but as she approached the intersection slowed down to between 35 and 40. She glanced back and forth between her road and defendant's car. Twice she glanced at the road to the west. She had taken a driver's training course in school and was aware she was entitled to the right of way. Because of this she thought defendant was going to stop. The finding is warranted that very little time elapsed after plaintiff knew or should have known defendant would not accord her the right of way until the collision occurred. The impact took place in the center of the intersection. Plaintiff struck the middle of the right side of the Chevrolet. Both vehicles went into the ditch at the southwest corner of the intersection. Plaintiff was thrown from the Buick, pinned under its right rear axle and injured.

The day after the collision defendant told Virginia's father he did not see her until the last second and then stepped on the gas to try to beat her through the intersection. Defendant himself testifies that when both vehicles were approximately to the intersection he "tromped" on his foot feed.

No skidmarks were seen north or east of the intersection. Both roads were well graveled but wet from rain earlier in the day.

Virginia had driven motor vehicles around her father's farm for several years before the accident.

The above is a sufficient summary of the evidence. De-

fendant's main argument is that plaintiff failed to do anything to avoid the collision and must therefore be held contributorily negligent as a matter of law.

 It is a fundamental rule, frequently applied under various facts, that a motorist has a right to assume, until he knows or in the exercise of reasonable care should know otherwise, other motorists will obey the rules of the road and also drive with ordinary care under the circumstances. So here plaintiff was entitled to assume, until she knew or should have known otherwise, defendant would accord her the right of way as provided by Code section 321.319. Also that he would have his vehicle under control and reduce its speed to a reasonable and proper rate when approaching and traversing the intersection as required by section 321.288. Further, that defendant would observe his common-law duty to exercise reasonable care to maintain a lookout.

See in support of the views just stated: Rogers v. Jefferson, 224 Iowa 324, 329, 275 N.W. 874, 878; Dorman v. Service Sales Co., 241 Iowa 1182, 1184, 44 N.W.2d 716, 717, and citations; Hutchins v. LaBarre, 242 Iowa 515, 531–533, 47 N.W.2d 269, 279, and citations; Mongar v. Barnard, 248 Iowa 899, 905, 82 N.W.2d 765, 769, and citations; Olson v. Truax, 250 Iowa 1040, 1049, 97 N.W.2d 900, 906; Kuehn v. Jenkins, 251 Iowa 557, 563, 100 N.W.2d 604, 608; Article on Intersection Accidents, 10 Drake Law Review 111, 115.

(Stuart v. Pilgrim, 247 Iowa 709, 720, 74 N.W.2d 212, 219, overrules Rogers v. Jefferson, supra, on a point not here material.)

 Plaintiff's right to assume defendant would comply with the law has an important bearing on the issue of her freedom from contributory negligence. Schwickerath v. Maas, 230 Iowa 329, 332, 333, 297 N.W. 248, 250, and citation; Paulsen v. Mitchell, supra, 252 Iowa 65, 70, 105 N.W.2d 603, 606. Of course this does not mean plaintiff was free from contributory negligence merely because defendant was negligent. Kuehn v. Jenkins, supra, and citation; Strom v. Des Moines & Central Iowa Ry. Co., 248 Iowa 1052, 1062, 82 N.W.2d 781, 787. But it is fairly clear the finding is warranted plaintiff was not con-

tributorily negligent at least until she realized or should have realized defendant would not accord her the right of way. Reasonable minds could find she had no sufficient reason, during the first several hundred feet they traveled after she first saw him, to anticipate that defendant would violate the law. See in this connection Menke v. Peterschmidt, 246 Iowa 722, 730, 69 N.W.2d 65, 71; Rogers v. Jefferson, supra, 224 Iowa 324, 329, 275 N.W. 874, 878. The tendency of many drivers not to stop or slow down at intersections until they are very close to a favored highway is well known.

Even when plaintiff should have realized defendant would not accord her the right of way she had no reason to anticipate he would "step on the gas" in an attempt to beat her through the intersection. If defendant had then immediately applied his brakes rather than accelerate his speed, as the jury could find he should have done, the collision might well have been avoided. In any event, reasonable minds could properly find that when plaintiff should first have realized defendant would not observe the law in the respects above referred to, there was insufficient time for plaintiff, in the exercise of ordinary care, to avoid the collision.

We have held a motorist is not ordinarily to be charged with negligence where he is faced with an emergency not of his own making and has only two or three seconds to make a decision. Menke v. Peterschmidt, supra, 246 Iowa 722, 733, 69 N.W.2d 65, 72, 73, and citations; Murray v. Lang, 252 Iowa 260, 264, 106 N.W.2d 643, 645, and citations. See also Schwickerath v. Maas, supra, 230 Iowa 329, 333, 297 N.W. 248, 250, and citation.

This is not the exceptional case in which reasonable minds could fairly reach no other conclusion than that plaintiff was contributorily negligent. The issue was properly submitted to the jury.—Affirmed.

All JUSTICES concur.