LILLIAN MATUSKA, appellee, v. WILLIAM HENRY BRYANT, JR., et al., appellants.

No. 52498.

(Reported in 150 N.W.2d 716)

MAY 2, 1967.

Brown, Dresser, Kinsey & Jolas, of Mason City, for appellants.

Fitzgibbons & Fitzgibbons, of Estherville, and John I. Halloran, of Jackson, Minnesota, for appellee.

LARSON, J.—This law action for personal injuries resulted from an intersection collision between a 1962 Pontiac automobile driven by the plaintiff, Lillian Matuska, westward on Primary Highway No. 9, and a 1963 Ford sedan driven south on County Highway No. 322 by the defendant, William Henry Bryant, Jr. on the night of December 4, 1962. Apparently by consent or agreement of the parties it was tried as though the accident

occurred subsequent to the effective date of chapter 430, section 1, Laws of the Sixty-first General Assembly, now section 619.17, Code 1966, which was July 4, 1965. Trial to a jury resulted in a verdict and judgment for plaintiff in the sum of $15,000 and defendants appeal.

Three issues are raised in this appeal. The first questions the court's action in striking two specifications in defendants' allegation of plaintiff negligence and a refusal to instruct on those specifications; the second questions the completeness of the court's instruction on lookout; and the third challenges the correctness of the court's instruction that the "negligence of the plaintiff must be either the sole proximate cause or a concurring proximate cause of her injury or damage", to bar her recovery under the new contributory negligence law. We find no reversible error in these assignments, and affirm.

I. This accident occurred about one mile east of Buffalo Center at about 11:30 p.m. At this place Highway 9 is an 18-foot cement slab running east and west. Highway 322, a 23½-foot blacktop road, starts at this point and runs north. There is an unmarked county road south of the intersection, and there are stop signs on both this road and on Highway 322 near the intersection. It is admitted that defendant failed to stop as he came to Highway 9, did not see plaintiff in time to avoid the accident, and in effect concedes his negligence and liability for damages if plaintiff was not guilty of negligence which was a proximate cause of her injury and damage.

Section 619.17, Code 1966, provides: "In all actions brought in the courts of this state to recover damages of a defendant in which contributory negligence of the plaintiff, actual or imputed, was heretofore a complete defense or bar to recovery, the plaintiff shall not hereafter, have the burden of pleading and proving his freedom from contributory negligence, and if the defendant relies upon negligence of the plaintiff as a complete defense or bar to plaintiff's recovery, the defendant shall have the burden of pleading and proving negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage. * * *."

Under these provisions, which we have held affect both remedial or procedural and substantive rights, defendants

assumed the burden to plead and prove that plaintiff was negligent and that this negligence was a proximate cause of the injury and damage. See Schultz v. Gosselink, 260 Iowa 115, 148 N.W.2d 434. Defendants affirmatively alleged "that plaintiff was contributorially negligent and that such negligence was a proximate cause of said collision * * *." See rule 344(f)(5), Rules of Civil Procedure. Their specifications included failure to keep a proper lookout, maintain proper control, and failure to reduce speed when approaching an intersection. In addition, they alleged in Specification D: "In failing to exercise reasonable care under the circumstances in that plaintiff failed to apply the brakes of the vehicle which plaintiff was driving and thereby failed to avoid said collision, when plaintiff knew or in the exercise of reasonable care should have known that said brakes should be applied, in violation of the common law", and in Specification E: "In failing to exercise reasonable care under the circumstances by turning to the left and thereby failing to avoid said collision, when plaintiff knew or in the exercise of reasonable care should have known that such movement was hazardous or dangerous, in violation of the common law."

At the close of the evidence plaintiff moved to withdraw from jury consideration the allegations of plaintiff negligence in paragraph 8 of defendants' amendment to answer, and the trial court sustained the motion as to Specifications D and E and refused to submit requested instructions on these specifications or to instruct on those specifications as "not material to this action." A brief examination of the evidence presented seems necessary at this point.

II. The facts are not in great dispute. Plaintiff, driving west on Highway 9, testified she slowed down to forty miles per hour as she approached this intersection and the town of Buffalo Center and "all of a sudden there was a flash of light and a crash. That's it." She said the car she was driving was in good working order and the lights were on. She did not expect a car from the north to run past the stop sign directing all southbound traffic on Highway 322 to stop. She looked to the north before she reached the intersection, but did not know just where she

was when she looked. She saw no car approaching from that direction.

The defendant driver testified, both by deposition and direct testimony, that the road surface was dry, with no snow or ice present, and that his car, including the lights, was in good working order. He said, "as far as I can determine, I misjudged the location of No. 9. The first thing I recall seeing was headlights. I tried to stop. I couldn't stop in time. I went through the stop sign at the intersection. I assume I was going 60 miles an hour." He also said he was visiting with a passenger and "as a result, my attention was diverted from the road; therefore, I didn't see the various signs as I approached the intersection." He admitted he saw plaintiff only a split second before the impact and said: "I would assume she was going at a normal rate of speed", and that prior to the accident "I hadn't reduced my speed." To the question, "Mr. Bryant, do you know of anything that Mrs. Matuska could have done to avoid this accident?" he replied, "That is a hard question, but I don't know of anything."

A highway patrolman and an officer from Buffalo Center investigated the accident and, while they could not state just where in the intersection the collision occurred, testified as to a tire mark from a little south of the center line of Highway 9 in the intersection which led up to one wheel of plaintiff's car, a distance of 36 feet, indicating the brakes had been applied. Her car came to rest on the southwest shoulder of the intersection blocking the south lane of traffic on Highway 9. It did not overturn.

Plaintiff further testified she was driving on her side of the road and was not over the center line until the moment of impact, that the first time she even knew there was a car coming south and the first time she saw it was when there was a flash and a crash, that she did not have time to apply the brakes and did not know what they hit. From the exhibits and this testimony it is clear the front of plaintiff's vehicle struck defendant's car at the left rear door and fender.

After the impact defendant's car went on to the south about 138 feet from the intersection, rolled, and stopped upside down against a railroad crossing sign.

III. The learned trial court apparently took the position that there was insufficient evidence to permit the jury to find as a fact that plaintiff did not apply her brakes or did turn left just before the collision. Regardless of that situation, we note that those specifications are predicated on acts which would amount to a lack of due care. Specifications A, B and C, alleging failure to keep a proper lookout, failure to have control, and failure to reduce speed, were properly submitted and adequately covered the breach of common-law and statutory duties, if any, involved.

IV. It may be that Specifications D and E were intended as a pleading of last clear chance which would necessitate a review of our previous holdings that, where the plaintiff has the burden of pleading and proving freedom from contributory negligence, the defense of last clear chance is not available to the defendant. Schreiber Mills, Inc. v. Lee County, 249 Iowa 746, 88 N.W.2d 811.

The situation here is much like that in Kuehn v. Jenkins, 251 Iowa 557, 561, 100 N.W.2d 604, and our statement therein could be used here: "Even with the benefit of the rule as to how we shall view the testimony, we fail to find in the record any evidence to justify the submission of that issue to the jury. There is not a scintilla of evidence in the record tending to prove that the defendant * * * ever saw the plaintiff or her automobile prior to the collision. There were no facts shown upon which such an inference could be drawn."

We are satisfied defendant here failed to show anything from which the jury could infer that plaintiff had knowledge of defendants' presence prior to the collision, and must hold the Specifications D and E could not be submitted.

V. Defendants also complain of the court's refusal to give Requested Instruction No. 3, which referred to all five of the specifications of negligence pleaded. It stated in part:

"The defendants have alleged that the plaintiff was negligent in failing to exercise reasonable care under the circumstances in that the plaintiff failed to apply the brakes of the vehicle she was driving, and thereby failed to avoid the collision, when the plaintiff knew or in the exercise of reasonable care should have

known that the brakes should be applied. The plaintiff was required to use reasonable care to avoid the collision.

"If you find that the plaintiff, in the exercise of ordinary or reasonable care under the circumstances, should have applied the brakes of the vehicle she was driving, and thereby could have avoided the collision, but failed to apply the brakes and thereby failed to avoid the collision, such failure of the plaintiff to exercise ordinary or reasonable care is negligence; and if you find that such negligence was a proximate cause of the collision, as hereinbefore explained, the plaintiff cannot recover.

"The defendants have also alleged that the plaintiff was negligent in failing to exercise reasonable care under the circumstances by turning to the left, and thereby failing to avoid said collision, when plaintiff knew or in the exercise of reasonable care should have known that such movement was hazardous or dangerous.

"If you find that the plaintiff in the exercise of ordinary or reasonable care under the circumstances, should not have turned left and could have avoided the collision if she had not so turned, but so turned and thereby failed to avoid the collision, such failure of the plaintiff to exercise ordinary or reasonable care is negligence; and if you find that such negligence was a proximate cause of the collision, as hereinbefore explained, the plaintiff cannot recover."

All motorists are required, in addition to complying with statutes which prescribe only the minimum standards of prudent conduct, to exercise the care of the ordinarily prudent person under the circumstances. Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 1365, 29 N.W.2d 204; Sisson v. Weathermon, 252 Iowa 786, 797, 108 N.W.2d 585; Clayton v. McIlrath, 241 Iowa 1162, 1168, 44 N.W.2d 741, 745, 27 A. L. R.2d 307.

In the exercise of ordinary care under the circumstances there is no duty to immediately discover a motorist approaching a protected intersection or to anticipate that one will not be accorded the right-of-way. Paulsen v. Mitchell, 252 Iowa 65, 70, 71, 105 N.W.2d 603, and citations; Schwickerath v. Maas, 230 Iowa 329, 332, 297 N.W. 248. However, a statutory right-of-

way is not a guaranty of safety, and the driver on the protected road must use reasonable care under the existing circumstances for his own safety and that of others. Of course, he is not required to operate his vehicle so that he can make a full stop at each intersection. He is only required to proceed with such care and with his vehicle under such control as existing conditions, known or which should be known to him, may require. Paulsen v. Haker, 250 Iowa 532, 539, 95 N.W.2d 47; Bannister v. Dale, 252 Iowa 1031, 1036, 109 N.W.2d 626.

A motorist upon a public highway has a right to assume that others using the road will obey the law, including statutes, rules of the road, and necessity for due care, at least until he knows, or in the exercise of due care should have known, otherwise. Rule 344(f)(9), R. C. P.

In their brief points appellants set out these propositions, and we generally agree with those principles. Control, as used in these instances, means being able to stop with a reasonable degree of promptness or to so maneuver the vehicle pursuant to the will of an ordinarily careful and prudent driver. Thus, it would seem under most circumstances a court could not say, as a matter of law, that one who fails to apply his brakes, or turns one way or the other, was not exercising proper control of his vehicle. Prokop v. Houser, 245 Iowa 480, 484, 62 N.W.2d 781; Olson v. Tyner, 219 Iowa 251, 254, 257 N. W. 538.

In considering the physical facts it is evident that such charges or specifications found in D and E were not applicable here. Appellee contends, and we agree, that under these circumstances there was no duty to brake or turn left, under statutory or common law. She was required to do what an ordinarily careful and prudent person would do under the circumstances. She could not be charged with a duty to do any specific act such as turn left or turn right, or apply her brakes or speed up. In considering what an ordinarily careful and prudent person would do under the circumstances, the jury should not be told what specific acts she must or must not have performed before her acts would be considered those of an ordinarily careful and prudent person. The number of such suggested acts or courses of action would be endless. The jury was adequately instructed

in these regards in Instruction No. 4 on ordinary care, and on speed, lookout and control in Instructions Nos. 6 and 7½. The court charged the jury that, in considering appellee's negligence, it was to consider whether she had her car under control, whether she was keeping a proper lookout, and whether she was driving her car at a proper speed at this time and place. Those instructions included or embodied the issue of whether appellee should have braked or braked in time, or whether she turned or should have turned left or right. To place on plaintiff, as a matter of law, a duty to brake or not to turn left under these circumstances, the breach of which would be negligence, would indeed place an undue burden on plaintiff and, if the court had so instructed the jury, it would have constituted reversible error.

No useful purpose would be gained by a complete review of our many cases as to pleading, proof and instructions in automobile collision cases. It must suffice to say generally they are, in accident cases occurring after July 4, 1965, the same for the defendant in his effort to defeat plaintiff's action against him as those required of plaintiff to establish liability of defendant in the first instance. As to this issue, their positions are reversed, and defendants must plead and prove negligence on the part of plaintiff and establish that such negligence was a proximate cause of the damage. We are satisfied the court did not err in striking defendants' specifications D and E and in refusing to instruct on those specifications.

VI. Appellants contend the court erred in failing to instruct the jury that proper lookout includes "the duty to see what was in plain sight", for there was no reasonable explanation in this case for plaintiff's failure to see defendant. The instruction on lookout given by the trial court is almost identical with the lookout instruction, No. 5.8, of the Iowa Uniform Jury Instructions which has been approved by the Iowa State Bar Association. See Hutchins v. LaBarre, 242 Iowa 515, 528, 47 N.W.2d 269. It was adequate here.

We have often discussed the duty to maintain a proper lookout, and have said it includes the duty to see that which is clearly visible or which in the exercise of ordinary care would be visible, but we have not said any special wording, such as

appellants suggest, must be included in an instruction on this common-law duty. As bearing on this subject see Ritter v. Andrews Concrete Products & Supply Co., 250 Iowa 297, 300, 93 N.W.2d 787; McClenahan v. Des Moines Transit Co., 257 Iowa 293, 297, 132 N.W.2d 471.

The court's Instruction No. 6 told the jury: "* * * You are further instructed that it is the duty of any driver in driving upon a highway to keep a lookout, and by keeping a lookout is meant the use of that degree of care, caution and prudence in maintaining a lookout to guard against injury to himself and to others who might be upon the highway that an ordinarily careful and prudent driver would have used under the same or similar circumstances. * * * By a 'proper lookout' is meant that lookout which would be maintained by an ordinarily reasonable and prudent person under the same or similar circumstances. 'Proper lookout' means more than merely to look straight ahead, or more than seeing the object. It implies being watchful of the movements of the driver's own vehicle in relation to the things seen and which could have been discerned or seen in the exercise of ordinary care. * * *."

Apparently it is appellants' position that, because appellee's view to the north was not obstructed for the last 400 feet to the intersection, and she did not see appellant-driver until just the instant of the crash, she was not keeping a proper lookout, and that she was negligent as a matter of law. However, the record reveals she did look north and saw nothing. and that she did reduce her speed, but for some reason did not see or anticipate that a rapidly approaching car from the north would not observe the stop sign. It is not clear that at their respective speeds plaintiff could have seen defendant had she looked at the 400-foot mark. Under the circumstances here we think it would have been improper to hold, as a matter of law, that plaintiff was negligent in not seeing defendant until it was too late to take evasive action. In Menke v. Peterschmidt, 246 Iowa 722, 730, 69 N.W.2d 65, we said: "A good deal of time was used on the trial and considerable space is taken up in the printed arguments concerning whether she saw or could have seen appellee approaching from a greater distance than she admitted. The matter is not

material. Whether she saw him at 75 feet, 150 feet or 600 feet, she was not bound to apprehend at any of those distances that he would not stop, or at least take some steps to yield the right of way in accordance with law." As bearing on this matter, see Appleby v. Cass, 211 Iowa 1145, 234 N.W. 477.

Here there was not only a dark night but a grove of trees to qualify visibility, and these were circumstances to be taken into consideration by the jury in determining whether plaintiff used that degree of care, caution and prudence in maintaining a lookout for others using the highway at that place. We think the instruction given was adequate on lookout.

 VII. Finally, appellants contend there was reversible error in the court's instruction as to the burden of proof required by the statute in the defense of contributory negligence. In its Instruction No. 8 the trial court told the jury: "* * * In order for the defendants to sustain their defense of contributory negligence, the burden is on the defendants to establish by a preponderance of the evidence both of the following propositions: 1. That the plaintiff was negligent in one or more of the specifications of negligence as set forth in Instruction No. 2 hereof [the three specifications submitted herein]. 2. That such negligence, if any, was either the sole or a concurring proximate cause of her injury or damage." Appellants' Requested Instruction No. 2, refused by the court, stated: "* * * In order for the defendants to sustain their defense of contributory negligence, the burden is on the defendants to establish by the greater weight or preponderance of the evidence both of the following propositions: 1. That the plaintiff herself was negligent in some particular as charged by the defendants. 2. That such negligence was *in any way or to any degree* a proximate cause of the injury and damage of which complaint is made. * * *." (Emphasis added.)

Appellee points out that in defendants' answer as amended, they pleaded: "That for further answer defendants affirmatively allege that plaintiff was contributorily negligent and that such negligence was a proximate cause of said collision, in the following particulars: * * *", and refers to the rule that, having assumed the burden, defendants must prove that plaintiff's

negligence, if any, was a proximate cause of the injury, not that it contributed in any way or in any degree directly to the injury. Rule 344(f)(5), R. C. P.

Chapter 619, Code 1962, as amended by the Sixty-first General Assembly, provided, first, that plaintiff shall not have the burden hereafter of pleading and proving his freedom from contributory negligence, and second, if the defendant relies upon negligence of the plaintiff as a bar to plaintiff's recovery, the defendant shall have the burden of pleading and proving negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage. It is hard to improve on that clear statement of what is required to sustain a bar to plaintiff's recovery in this case, but both the defendants and the court tried. In view of the fact that this is the first case actually tried under the amended chapter, and that we had not yet considered its provisions, this is understandable. It is especially so since at that time there was a question as to whether the amendment changed the substantive law, and defendants here did not rely upon that distinction.

Although there is not much difference between the instruction requested and the one given, and perhaps to the average juror there may be little or no difference in negligence which is a proximate cause and negligence which contributed in any way or in any degree directly to the injury, the reference to "in any way or to any degree" and "a proximate cause" together in the requested instruction might be confusing as to defendants' burden and would be improper. As bearing on this matter, see Klunenberg v. Rottinghaus, 256 Iowa 731, 129 N.W.2d 68, and an article by Philip J. Willson in the May 1966 issue of the Drake Law Review, Volume 15, No. 2, page 97. The court was, therefore, justified in refusing to give that part of the instruction.

Although it incorporated most of the requested instruction, we would not wish to place our stamp of approval on the instruction given. The law does not require defendants to prove that plaintiff's negligence, if any, was the sole proximate cause of the injury or damage, only that it was *a* proximate cause. However, the court used the alternative "or a concurring proximate cause"

in its instruction, and it is indeed hard to say that does not cover the present situation where the jury could find negligence of both defendants and plaintiff did combine to proximately cause the injury. The court did tell the jury that "where the negligence of each person is a proximate cause, the negligence of each is referred to as a 'concurring' proximate cause." Under the circumstances presented, it would have been much more clear had the court simply told the jury that, in order to sustain their defense of contributory negligence, the burden is on the defendants to establish by a preponderance of the evidence both of the following propositions: 1. That the plaintiff was negligent in one or more of the alleged and submitted specifications of negligence. 2. That such negligence, if any, was a proximate cause of her injury or damage.

We wish to make it clear, however, that since this accident occurred prior to the effective date of this Act, if defendants had pleaded that plaintiff was negligent and that such negligence contributed in any way or in any degree directly to the injury, then the instruction given would have been improper, for clearly the extent of the burden placed upon defendants varies depending upon whether the accident occurred before or after July 4, 1965. Schultz v. Gosselink, supra, 260 Iowa 115, 148 N.W.2d 434.

In the case presented we are not convinced the instruction given, which largely conformed to the defendants' requested instruction, was so confusing to the jury as to require the granting of a new trial thereon. We are satisfied the jury was not misled.

Having found no reversible error, the judgment must be affirmed.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.