C. H. WOOD, Appellee. v. T. E. RAVENSCROFT, Appellant.

**Contract of employment:** TERMINATION: JUSTIFICATION. The fact
1 that one who contracted to perform certain services and to
employ and pay for assistance, misrepresented to his employer
the amount of wages paid the assistant, will not justify the
employer in terminating the contract.

**Same:** BURDEN OF PROOF. An employer who has wrongfully dis-
2 charged a servant has the burden of showing that the servant
could have obtained other like employment and thereby
lessened his damage, otherwise he is entitled to the compen-
sation agreed to be paid.

**Same:** MEASURE OF DAMAGES. One employed to perform certain
3 services and to furnish assistance and teams at his own ex-
pense may recover, for the wrongful termination of the con-
tract, the agreed compensation less what it would have cost
him to carry out the contract together with what he might
have earned from others.

*Appeal from Linn District Court.*— HON. B. H. MILLER,
Judge.

WEDNESDAY, JULY 3, 1907.

THE opinion states the case.— *Reversed.*

*Main & Griffiths,* for appellant.

*F. L. Andersosn,* for appellee.

WEAVER, C. J.— On March 11, 1905, the plaintiff and
defendant entered into a written contract, whereby the for-
mer undertook to enter the service of the latter on terms
which, so far as they are material to this case, may be stated
as follows: Plaintiff undertook to move upon a certain
farm owned by defendant, and to work the same under the
orders and directions of the defendant, and to furnish an-
other hand for assistance in that service at his own expense,

·also to furnish three horses for use upon the premises, and that said assistant and horses should be kept and.boarded at his own expense. The term of such service was to begin·on April 1, 1905, and continue until October 1st of the same year, in consideration which the defendant undertook to pay the plaintiff the sum of $75 per month and to give him use of the house and buildings and of the kitchen garden. Pursuant to this contract, plaintiff entered upon the performance of said service and continued therein until June 30, 1905, when the defendant discharged him and gave him notice to surrender possession of the premises. At the date of such discharge defendant paid the plaintiff for three months' service, from April 1st to June 30th, inclusive, at the rate of $75 per month. Thereafter the plaintiff began this action at law, alleging that he was discharged from the defendant's service without just cause, and had been ready and willing at all times to perform the work which he had undertaken to do and demanded judgment on said account for damages 'at the rate of $75 per month from July 1 to October 1, 1905. The defendant admits the execution of the contract, and admits that he terminated the plaintiff's employment at the end of three months, but denies that he did so without reasonable and just cause. He says that at the time the contract was entered into the plaintiff represented that he had employed one Alger to work for him in the performance of said contract; that said Alger was a competent farm hand and a good worker, and that he, plaintiff, had agreed to pay him at the rate of $22 per month and board, but defendant alleges that such representation was untrue, that Alger was not a competent farm hand, nor a good worker, and that he had agreed to work at $15 per month instead of $22 as represented by plaintiff. He further says that Alger ceased working on June 22, 1905, and that thereafter plaintiff neglected and refused to hire or procure the assistance of another person in his place. Defendant also pleads and seeks to recover upon a counterclaim for damages alleged to have been

occasioned by the plaintiff's negligence in failing to repair the pasture fence, whereby the use of the pasture was lost and by reason of his negligence in failing to properly cultivate the crops. There was a trial to jury and verdict for plaintiff for $226.05, and from the judgment entered on said verdict the defendant appeals.

The errors assigned by counsel and urged upon our attention are entirely too numerous to justify us in attempting to discuss them in detail, and we shall therefore confine ourselves to those which appear to us to be material and decisive of the principal questions which we believe to be put in issue by the pleadings.

I. It is the contention of the appellant that the statement of the plaintiff concerning the wages he had agreed to pay Alger was false and fraudulent, and therefore he was

1. CONTRACT OF EMPLOYMENT: termination: justification.

justified in putting an end to the contract upon learning the deception which had been practiced upon him. We are inclined to the view that defendant had no such interest in the amount of the wages paid the hired man as to render a misstatement of the same by the plaintiff a fraud of which defendant can take advantage in this action. The thing which plaintiff undertook to do was to furnish a competent assistant at his own expense, and, if that was done, it was not a matter of concern to the defendant how much the plaintiff agreed to pay such assistant. The evidence tends to show that plaintiff employed the man Alger as an assistant, and also employed the service of his own sixteen-year-old son in the same employment, and we are not able to say that the assistance rendered by these two persons was not equal to that which would have been rendered by any other competent person, or that the expense of keeping and boarding the son while in the performance of such services with the wages paid to Alger was not fully equal to that which would have been incurred had Alger been paid $22 per month and the plaintiff's son had rendered no service at all. There was therefore no er-

ror, we think, in the failure of the court to instruct the jury along the line contended for by the appellant on this point.

II.   The defendant asked the court to instruct the jury that, if plaintiff was wrongfully discharged before his time had expired under the contract, it was his duty to make reasonable effort to obtain employment elsewhere, and that if he did not do so, but remained idle, he could not recover more than nominal damages.   This instruction was refused, and the court on its own motion charged the jury that it should set off against plaintiff's damages, if found entitled to any, such sum as he might have obtained or earned by working for others in a like service which he could have found with reasonable effort, and that the opportunity to be employed by others would not be presumed, but must be affirmatively shown by the defendant.   The instruction as given by the court cites the correct rule of law, and was sufficiently favorable to the defendant. It is said by Mr. Sutherland that the great weight of authority upholds the contention that the burden of showing that the servant wrongfully discharged should have obtained other employment, and thereby avoided or lessened his damages arising from such breach of contract, is upon the employer, and that otherwise the damages will be measured by the wages or salary agreed to be paid.   See 3 Sutherland on Damages, 2089, and the numerous authorities collected in note 2 on said page.   There is nothing in the record of the case now before us calling for any modification of the rule thus stated.

2. SAME:
   burden
   of proof.

III.   The court instructed the jury that, if the plaintiff was discharged without reasonable cause, the measure of his recovery would be the full amount provided for in the contract less any sum which he might have obtained by working for others in a like service.   Of this instruction the defendant complains as allowing an excessive recovery.   The rule as stated would be entirely correct as applied to an ordinary contract

3. SAME:
   measure of
   damages.

of hire.   It will be observed, however, that in this instance the agreed rate of compensation covers, not only the service to be performed by the plaintiff himself, but includes therein the services of an assistant and of plaintiff's horses and of the board of such assistant and the board and care of the horses.   It is manifest from this statement that, unless the plaintiff kept the hired assistant according to the terms of the contract during the remainder of the period after he was discharged and kept his horses during that period unemployed, his actual loss by reason of the discharge would not be the entire difference between the agreed compensation and the amount which he might personally have earned had he found opportunity for other services of the same nature.   What his damage in fact was would depend upon an inquiry into what it would have cost him to carry out his contract ($75 per month and use of horses and garden) and the difference between that cost less the deduction, if any, on account of what he might have earned in the employment of others.   This would represent the damage sustained and the amount of recovery.

We find no other error in the record.   The question whether the defendant had reasonable ground for discharging the plaintiff was properly for the jury to determine, but the case having been submitted without proper instructions upon the measure of damages, a new trial must be ordered.

For the reasons stated, the judgment of the district court is *reversed*.