Kermit MAURER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 61–C–207.

United States District Court
E. D. Wisconsin.

July 15, 1963.

Jacob A. Fessler, Sheboygan, Wis., for plaintiff.

James B. Brennan, U. S. Atty., by Louis W. Staudenmaier, Jr., Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Action for property damage under the Federal Tort Claims Act, 28 U.S.C.A. § 1346.

The plaintiff, Kermit Maurer, was involved in a collision with a United States Navy automobile on March 21, 1961. The accident occurred around 12:00 noon. Plaintiff was operating his 1952 Mack tractor and Freuhauf trailer in a westerly direction along United States Highway 34 about 5½ miles east of Red Oak, Iowa, in the State of Iowa. At the time, plaintiff was pulling a 20 ton cargo of canned cherries from Sturgeon Bay, Wisconsin, with a planned destination of Kansas City and St. Joseph, Missouri.

The defendant's vehicle was traveling in an easterly direction along Highway 34. The car was being driven by one Lawrence H. Hardegen, a recruiter in the United States Navy, who was operating the automobile with the consent of the defendant and within the scope of his employment.

The highway in question is a two-lane paved highway approximately eighteen feet wide with soft dirt shoulders on each side, of sufficient width to accommodate a parked car or truck. On the day of the accident, it was a cool (above freezing), clear, winter day. The visibility was very good. The road pavement was wet due to melting snow.

At a distance of somewhere between 500 and 1,000 feet, the plaintiff first observed that the defendant's approaching Chevrolet was "fishtailing" or sliding back and forth across the highway. From the testimony, it is not at all clear at just what distance plaintiff first observed the approaching car. Plaintiff did reduce his speed from 50 miles per hour to about 40 miles per hour when he observed the defendant's car in trouble. He did nothing further when he saw the defendant's car return to its proper half of the highway. As plaintiff's truck crossed a bridge over a small creek, the rear end of the Navy vehicle again slid across his lane, and at a point some 60 feet beyond the bridge, the truck struck the rear left end of the Navy vehicle. As a result, the truck and trailer were heavily damaged.

■ Defendant contends that the plaintiff is guilty of contributory negligence. Under Iowa substantive law the plaintiff has the burden of affirmatively proving that he was not contributorily negligent. Jacobson v. Aldrich, 246 Iowa 1160, 68 N.W.2d 733 (1955); Goman v. Benedik, 253 Iowa 719, 113 N.W.2d 738 (1962); Scott v. Chicago, Rock Island & Pacific R. Co., 197 F.2d 259 (8th Cir. 1952). Further, Iowa law provides that if the plaintiff was contributorily negligent in any degree, he is barred from recovery. Goman v. Benedik, supra; Fort Dodge Hotel Co. v. Bartelt, 119 F.2d 253 (8th Cir. 1941).

The issue then is: Did the plaintiff sufficiently establish his freedom from any contributory negligence so as to permit him to recover?

■ The unrefuted evidence is that defendant's car was traveling at a speed equal to or in excess of plaintiff's vehicle. This would place the speed of defendant's Chevrolet at somewhere between 40 and 50 miles per hour. Each vehicle was therefore traveling at an average rate in excess of 60 feet per second as they approached the point of impact. Even assuming that plaintiff did in fact observe the approaching car at a distance

of 1,000 feet, the point of impact was then only 500 feet or a time eclipse of eight seconds away. During this intervening eight seconds, the plaintiff proceeded to reduce his speed, maintain the truck in its proper lane, and continued to observe the approaching car as it appeared to regain its proper control.

Plaintiff was carrying a 20 ton cargo. In addition, the combined weight of the tractor and trailer amounted to over 67,000 pounds. Thus the plaintiff could not have been expected to stop the truck within a short distance or even to have been required to attempt a full stop until it became apparently necessary under the circumstances. Kermit Maurer had observed the approaching car's return to its own lane of traffic. The car appeared to have regained control, and thus any need to attempt a stop had been apparently eliminated. It was only when the truck was within about 60 to 150 feet of the approaching vehicle that the rear end of the defendant's car again entered the plaintiff's lane of traffic. Considering the weight of the truck, the soft highway shoulders, and the very short time interval involved, this court does not find that the plaintiff was negligent in failing to pull off the highway and bring the truck to a stop when he first observed the "fishtailing" automobile. Rather, the plaintiff's procedure of only slowing his speed was the reasonable course of action under the circumstances.

In addition, the emergency doctrine is applicable under Iowa law. Leinen v. Boettger, 241 Iowa 910, 44 N.W.2d 73 (1950); Murray v. Lang, 252 Iowa 260, 106 N.W.2d 643 (1960). In the instant case, the court finds that the plaintiff was confronted with a sudden emergency not of his own making. He was somewhere between 60 and 150 feet from the point of impact when defendant's car again went out of control. At the most, he had only about a second to take any action. The court further finds that plaintiff did not fail to exercise the care that a reasonably prudent person would have exercised under like circumstances.

The government has admitted that Lawrence H. Hardegen was negligent as to management and control and in failing to yield one-half of the traveled portion of the roadway.

The remaining question is: To what extent was the plaintiff damaged?

The defendant has stipulated to the following items of damage:

1. Damage to the tractor .............................$  900.00
2. Damage to the trailer .............................. 1,775.00
3. Towing tractor away from scene ..................... 100.00
4. Towing trailer away from scene ..................... 10.00
5. Train fare from Red Oak, Iowa, to Sheboygan, Wisconsin    15.00

The defendant objects to the following damages as either not having been incurred or as unnecessary:

1. Motel expense at Red Oak, Iowa .....................$    5.00
2. Travel to Sturgeon Bay, Wisconsin, and return to report accident to shipper ................................. 18.50
3. Towing tractor to Sheboygan, Wisconsin .............. 160.00
4. Towing trailer to Kiel, Wisconsin ................... 125.00
5. Rental of equipment ......................$1,905.00
   Operating rented equipment – 8 cents per mile, 14,000 miles                   1,120.00
   Services of truck driver                  1,000.00    4,025.00

■■ The court finds that the motel expense was reasonable in amount and was incurred as a result of the accident. It is therefore allowed as an item of plaintiff's damages. The traveling expense to Sturgeon Bay to report the accident was an unnecessary expense. This report could have been given either by phone or mail. Plaintiff admitted this in his testimony. Therefore, this amount is not a proper amount of damages.

■ Plaintiff made no attempt to ascertain whether there was a market for his damaged tractor and trailer in Iowa. Defendant contends that plaintiff was required to attempt to mitigate his damages in Iowa and that his failure to do so bars any recovery for towing the equipment back to Wisconsin. Plaintiff was unfamiliar with and unknown in the Red Oak area. He remained in the town only one night after the accident before returning by train to Wisconsin. It does not seem at all unusual that plaintiff should make no attempt to sell the equipment in a small Iowa community where he was a complete stranger. In light of this circumstance alone, this court does not feel that the plaintiff was compelled to attempt to sell the equipment in Iowa. Further, it was the defendant's burden to establish that plaintiff could have reduced his damages. Wood v. Ravenscroft, 135 Iowa 346, 112 N.W. 640 (1907); Lannom Mfg. Co. v. Strauss Co., 235 Iowa 97, 15 N.W.2d 899 (1944). The defendant failed to sustain this burden. No showing was made that there was any market for such damaged equipment in the Red Oak area. Even if plaintiff had in fact attempted to mitigate his damages in Red Oak, it may well have proved to be nothing but a useless gesture. The towing charges of $160.00 for the tractor and $125.00 for the trailer are proper items of plaintiff's damages.

■ The final item in dispute relates to the reasonable value of the use of the damaged equipment during the two-month period that plaintiff was both out of the trucking business and without a job. Specifically, plaintiff seeks to recover what it would have cost him to rent identical equipment, its operating cost computed at 8 cents per mile for the 14,000 miles that plaintiff would have driven such equipment, and $125.00 per week as his reasonable compensation for driving such equipment. The total amount claimed is $4,025.00. This sum allegedly constitutes the reasonable value of the use of the damaged equipment. Plaintiff theorizes that he would then be placed in the position he was before the accident. In effect the plaintiff is seeking damages based on what he could have spent and not on what he could have earned. He follows this approach not without good reason. During the years 1958, 1959, 1960, and 1961, plaintiff consistently lost substantial sums of money on his trucking business as shown by his federal income tax returns for those years. He continued to lose money even after he went back into business for himself in September 1961. Plaintiff did not in fact rent any such equipment or expend any money to operate such equipment, nor did he lose any income by reason of the fact that he was temporarily out of the trucking business. Therefore, it is this court's opinion that the plaintiff simply did not suffer any damages in this respect, and this claim of the plaintiff is not a proper item of his damages.

The foregoing contains the court's findings of fact and conclusions of law in conformity with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff is entitled to judgment against the defendant for his damages in the sum of $3,090.00 together with his costs and disbursements in this action. The clerk is hereby directed to enter judgment for the plaintiff.