SANDRA BELETTI, appellant, v. JOE SCHUSTER and
FRANK SCHUSTER, appellees.

No. 50598.

June 12, 1962.

Edward J. Flattery, of Fort Dodge, for appellant.

Linnan, Lynch & Straub, of Algona, for appellees.

LARSON, J.—The principal issue before us in this appeal is whether at the close of plaintiff's evidence a jury question was presented under section 321.494, Code of Iowa, 1958, commonly referred to as the guest statute. The trial court thought not and directed a verdict for defendants. We agree with that determination.

Plaintiff, defendant Joe Schuster, and another couple were returning to Fort Dodge from a Sunday trip to West Bend to see the Grotto on this bright sunny afternoon of August 3, 1958, when they were involved in a one-car accident a few miles east of West Bend, Iowa, on a recently blacktopped highway. Joe, 15 years of age, possessed of a learner's permit, was driving a 1951 Ford car owned by his father, defendant Frank Schuster. From the record we learn that shortly after this party had commenced their return trip, an unidentified car came up beside them, drove parallel for some time as though inviting a race and, when the challenge was not accepted, completed the pass. Joe did not increase or decrease his speed of 50 to 55 miles per hour, and when the other car slowed in front of him to about 30 miles per hour, he turned out to pass it. The other car then increased its speed and Schuster drove up to 65 miles per hour in order to complete the pass.

The record is not clear as to whether there were other passes by these vehicles, nor as to which of these cars first reached a

certain intersection, east of which this accident occurred. It is clear, however, that the other car turned around at that intersection and headed back toward the west, and was not less than a half mile west of the Schuster car when defendant's car left the highway and landed in the north ditch. In this accident plaintiff was thrown out of the car and received the serious injuries for which she seeks recovery.

The record is clear that the Schuster car was traveling on its own side of the straight, level, dry-surfaced highway just before the accident, at about 50 or 55 miles per hour, that the blacktopping at that place was 21 feet and 10 inches wide, that there was a 3- to 5-inch dropoff on the sides, a narrow gravel shoulder, and a steep sloping ditch on each side some 8 to 10 feet deep. When defendant's vehicle was from one-half to one and one-half mile east of the intersection, the defendant driver looked around, either to the left or right, to see what had happened to the other car. In that instant one of the right tires dropped off the blacktop and his effort to bring it back resulted in a slide or skid northeasterly across the blacktop into the north ditch. The look to the rear was momentary but, as Joe said, when the wheel left the blacktop "there was no holding it." There was some evidence that the vehicle went into the south ditch, then up and over the highway, but it seems most likely it proceeded as Joe stated, that it followed down the edge in the gravel until it came to a driveway to the south and then went up and over the blacktop. At any rate Schuster lost control of the vehicle when the wheel left the hard surface, and this accident resulted.

It may well be that Joe's act in turning to look back was willful and intentional and in this situation constituted an act of negligence, but proof of negligence is not sufficient to generate a jury question of recklessness, nor does such an act alone, although intentional, give rise to an inference of recklessness. This is not such a willful act as we have condemned in "chicken" cases or where the willful act is accompanied by a disregard of consequence in the face of unusual hazard or danger. Hahn v. Strubel, 243 Iowa 438, 52 N.W.2d 28. Much more than a mere showing of momentary inattentiveness to his driving is required to establish recklessness under section 321.494 of the Code. Even

with all permissible inferences under the evidence taken in a light most favorable to plaintiff, we find in this record nothing to indicate a no-care attitude, a disregard for consequences or a heedless disregard of danger on the part of young Schuster. We doubt that even while the harassment was in progress, Joe's acts were sufficient to raise an inference of no care, and clearly that ordeal had been terminated some time before this accident.

I. Although the plaintiff in a guest-statute case is entitled to the benefit of all favorable inferences which may reasonably be drawn from the evidence, it is his burden to show an act or acts utterly inconsistent with prudence or proper regard for the safety of the guests. Lewis v. Baker, 251 Iowa 1173, 1177, 104 N.W.2d 575, 577; Goodman v. Gonse, 247 Iowa 1091, 1101, 76 N.W.2d 873, and cases cited therein; Russell v. Turner, D. C., 56 F. Supp. 455, 462; Wright v. What Cheer Clay Prod. Co., 221 Iowa 1292, 1297, 267 N.W. 92, 95; Shenkle v. Mains, 216 Iowa 1324, 247 N.W. 635; Nesci v. Willey, 247 Iowa 621, 75 N.W.2d 257.

The definition of "reckless operation" set forth in Siesseger v. Puth, 213 Iowa 164, 182, 239 N.W. 46, 54, has, since its announcement, been followed without exception, and although we acknowledge it is cold comfort for a lawyer, or a trial judge who has such a matter before him, to be told no hard-and-fast rule which will apply to all situations can be devised, it is nevertheless true. Schneider v. Parish, 242 Iowa 1147, 49 N.W.2d 535. We must therefore make our determination here upon those facts and circumstances presented by this record.

It is, of course, the trial court's duty to first consider the facts disclosed, and if it can reasonably be said that they tend to support an inference of recklessness, then it must submit the question to the jury. But if the facts disclosed will support a finding of recklessness only through speculation and conjecture, the matter must not be submitted for jury determination. Mescher v. Brogan, 223 Iowa 573, 272 N.W. 645; Goodman v. Gonse, supra.

Here we find no complaint that Joe Schuster was driving too fast, that he had taken any chances, was angry or unduly excited, nor that he had frightened anyone with his operation of the vehicle. The only facts disclosed which would tend to

create an inference of recklessness are the look to the rear without slowing down his vehicle, and the attempt to bring his vehicle back onto the blacktop at that speed. Neither is sufficient to raise more than a question of negligence, and no contention is made that Joe's acts in attempting to bring the vehicle back onto the road were without due care.

We need not review all our cases on reckless driving, for those applicable were considered in the case of Goodman v. Gonse, supra. In that case, much like the case at bar, we held that the defendant-driver, a man with but one arm, driving on a newly resurfaced highway where the shoulders were not yet built up, at a speed of 40 to 50 miles per hour, was not shown to be reckless when he approached a flat curve where one wheel slipped off the edge of the blacktop and caused the car to roll over when he attempted to get it back on the pavement. In that case there were even greater hazards than those present here, and there were also passenger complaints as to speed. There being no complaints here as to Joe's driving by any passenger, and no other evidence of carelessness or of inattention to his driving, the case at bar presents no substantial evidence of recklessness. While we do not condone racing on the highway, there is little here to indicate the defendant operator did participate in any racing. Even if he had, it appears that that incident had been terminated and was not connected with this accident. We, therefore, conclude that under this record there was nothing to indicate at the time of this accident that Joe Schuster was operating his vehicle in heedless disregard of or indifference for the rights of others, and that it would have been error to submit the issue of recklessness to the jury herein.

II. The other error assigned appears to have more merit, although under the facts revealed by the record it does not appear prejudicial. Under this assignment plaintiff contends the court erred in denying her permission to read portions of a discovery deposition of Joe Schuster taken on behalf of plaintiff on December 17, 1960.

A deposition duly taken so far as admissible under the rules of evidence may be used upon trial for any purpose if, when it was taken, deponent was a party adverse to the offeror. Rule 144(b), Rules of Civil Procedure; Robinson v. Fort Dodge

Limestone Co., 252 Iowa 270, 278, 106 N.W.2d 579, 583; Autrey Brothers, Inc., v. Chichester, 9 Cir., 240 F.2d 498, 500; Iowa Rules of Civil Procedure, Volume 2, Cook, pages 95–100; Mc-Cormick on Evidence, section 230, page 480; 31 C. J. S., Evidence, section 308, page 1084, and section 309, page 1086. We think under this rule defendant's objection, based upon the contention that this deposition could only be used for impeaching testimony of Joe Schuster, should have been overruled.

In considering rule 144(b) very recently in the Robinson case, we held that the trial court erred when it refused defendant's offer to read in evidence portions of plaintiff's discovery deposition as admissions. We pointed out that rule 144(b) provides a deposition of a party may be used for any purpose so far as admissible under the rules of evidence, and also held that whether or not the party is a witness is immaterial. As to the question of whether the offered testimony constituted an admission against interest, we referred to Barish v. Barish, 190 Iowa 493, 495, 180 N.W. 724, 725, holding "any admission against interest must be received, if relevant, whether it be found on a transcript or upon a pine shingle."

The testimony of Joe Schuster found in the refused deposition was obviously against interest. Without either that testimony or the testimony given by him when called on behalf of plaintiff, a prima-facie case perhaps would not appear. See Wigmore's Code of Evidence, rule 128, section 980; Beem v. Farrell, 135 Iowa 670, 673, 113 N.W. 509; 31 C. J. S., Evidence, section 308, page 1084, and section 309, page 1086.

█ Defendants, however, contend the error, if any, was not prejudicial for the reason that it was not properly preserved and that Joe gave substantially the same testimony when he was called as plaintiff's witness. A careful examination of the record seems to sustain that position, although it is true a jury might well find in such deposition testimony a greater admission against interest than that found when one appears on the stand. It must also be recognized that to compel plaintiff to place on the stand a witness who might be, to say the least, uncooperative and hostile, is unjust. However, under these circumstances where the testimony of the witness was substantially the same in both instances, and where that rejected, if accepted, would not aid

**1172**

plaintiff's effort to generate a question of reckless operation, we are justified in finding the error harmless. Robinson v. Fort Dodge Limestone Co., supra; 3 Am. Jur., Appeal and Error, section 641, page 248.

The question of proper preservation of this alleged error, therefore, need not be considered here.

III. Having concluded that the evidence including permissible inferences discloses no substantial evidence of recklessness, and that no reversible error appears in the court's failure to admit Joe Schuster's deposition into evidence, the trial court's action in overruling plaintiff's motion for a new trial must be upheld and its judgment affirmed.—Affirmed.

All JUSTICES concur except MOORE, J., who takes no part.