EDNA CLARK, administratrix of estate of Sharon Clark, deceased, appellant, v. RONALD J. MARIETTA et al.; CLIFFORD E. MATHEWS, executor of estate of Christopher O. Olson, deceased, appellees.

No. 51893.

(Reported in 138 N.W.2d 107)

NOVEMBER 16, 1965.

Miller, Miller & Miller, of Cherokee, for appellant.

Mack, Mack & Hansen, of Storm Lake, for appellee Ronald J. Marietta.

James R. Hamilton, of Storm Lake, for appellee Clifford E Mathews, executor of estate of Christopher O. Olson, deceased.

108

C. W. Pendleton, of Storm Lake, and John A. Malone, of Sioux Rapids, for appellee Paul Olson.

LARSON, J.—This is a law action in which plaintiff-administratrix seeks damages for the death of her decedent resulting from a collision at a rural intersection between a car owned and operated by defendant Ronald J. Marietta, with whom decedent was riding, and an automobile operated by Paul Olson and owned by the estate of Christopher Olson, deceased.

Plaintiff's petition, in three divisions, sought recovery against Marietta on the grounds that he operated his vehicle while under the influence of intoxicating liquor and in a reckless manner (section 321.494), against Paul Olson on the ground of negligent operation of his vehicle, and against both defendants, jointly and severally, on concurring recklessness and intoxication of Marietta and the concurring negligence of Olson. That the deceased Sharon Clark was a guest in the Marietta automobile is not disputed.

The case was tried to the court without a jury, and it entered judgment in favor of defendants. Plaintiff's motions for a new trial and for judgment notwithstanding the verdict were overruled and plaintiff has appealed.

Plaintiff-appellant's sole contention is that the trial court should have ruled as a matter of law that at the time of the collision the defendant Marietta was under the influence of intoxicating liquor and was operating his vehicle in a reckless manner, and that the defendant Olson was negligent in the operation of his vehicle at that time and place. We hold under this record these issues were ones of fact for a jury, not ones of law for the court, and affirm the judgment.

■ I. Some general observations at the outset seem appropriate. Generally, questions of negligence, contributory negligence and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law. Bartels v. Cair-Dem, Incorporated, 255 Iowa 834, 837, 124 N.W.2d 514; rule 344(f)10, Rules of Civil Procedure. This rule also applies to the allegations of recklessness and intoxication.

■ ■ It was, of course, plaintiff's burden to prove her al-

legations by a preponderance of the evidence and, while they may be proven by circumstantial evidence, this evidence must be sufficient to make the theory of causation reasonably probable, not merely possible, and more probable than any other theory based on the evidence. Usually it is for the jury to say whether such circumstantial evidence meets this test. Even when facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them, a jury question is engendered. Rule 344(f)16, 17.

II. This being a law action tried to the court, it is reviewable on errors assigned and is not triable de novo on appeal. Rule 334, Rules of Civil Procedure. Thus, the findings of fact by the trial court have the effect of a special verdict and are equivalent to the verdict of the jury. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130, and citations; rule 344(f)1. Furthermore, we must construe the evidence in the light most favorable to the trial court's judgment (Staley v. Fazel Bros. Co., 247 Iowa 644, 648, 75 N.W.2d 253, 255, and citations), and this court will not weigh the evidence or pass on the credibility of the witnesses. Phoenix v. Stevens, 256 Iowa 432, 436, 127 N.W.2d 640, 642.

III. A brief statement of the facts which were not greatly disputed seems appropriate here. The accident occurred on March 20, 1963, at approximately 10:30 p.m. at a rural intersection of two gravel roads in Buena Vista County, Iowa, about two miles south and one mile east of Linn Grove, where decedent, Sharon Clark, age 20, lived with her parents. Ronald J. Marietta, age 21, single, of Marathon, Iowa, called for Sharon at about 7:30 p.m. and they proceeded to go for an automobile ride. Ronald stopped at a tavern and purchased two six-packs of beer, and between 8:30 and 10:30 p.m. Ronald consumed two or three cans of beer, and Sharon had one can opened for her. Several stops were made at Marathon, at Pickerel Lake, and at Sioux Rapids, the latter near 10:30 p.m. to obtain gas. As the Marietta car approached the scene of this accident from the east on an east-west road, there was a clear view of traffic to the north on the north-south road for almost a quarter of a mile. These gravel

roads were of equal class and were only in fair condition. There were no stop signs at the intersection. Marietta was driving about 40 to 50 miles per hour and testified he looked to the north when about 340 feet from the crossing and saw nothing, but that when he looked again just before reaching the intersection defendant Olson's car was right there and the collision occurred. Defendant Olson's approach from the right created a situation where there was danger of a collision. Where the paths of these cars would intersect he was entitled to the directional right-of-way under section 321.319, Code, 1962. He testified he saw the car approaching from his left when he was about 1074 feet from the intersection, that he slowed down to 30 miles per hour, that he estimated the other car's speed at 40 or 50 miles per hour, and that he had that car in his sight the last 300 feet before the collision. He said he assumed the other driver would slow down or stop and yield him the right-of-way, that he thought he could make it through the intersection and did not apply his brakes. A finding is warranted that very little time elapsed after defendant Olson knew or should have known the Marietta car would not accord him the right-of-way until the collision occurred.

The impact took place in the center of the intersection. The Olson vehicle struck the right side of the Marietta vehicle at or just in front of the right front door. Both vehicles went into the ditch in the southwest corner of the intersection and were completely wrecked. Sharon, who had been sitting in the front seat partially facing the driver, was seriously injured and died the next morning.

It is appellant's contention that the evidence, fairly viewed, compels findings that the defendant Olson was negligent, that the defendant Marietta was reckless and was then under the influence of intoxicating liquor. While in some respects the evidence is quite persuasive, we cannot say it compels such findings.

■ IV. In appellant's first assignment of error she contends the trial court erred in not finding the defendant Paul Olson guilty of negligence proximately causing the death of the decedent. She argues, there being no dispute in the testimony, this court is not bound by the findings of fact by the trial court.

Olson v. Goodyear Service Stores, 255 Iowa 1112, 1115, 125 N.W. 2d 251, is cited in support thereof, but therein we carefully pointed out such a statement is inaccurate in that it ignores the consideration that reasonable minds may differ on the inferences fairly to be drawn from undisputed facts. Thus, even though this court might arrive at a different conclusion from the evidence, the real test is the sufficiency of the evidence to support the conclusion of the fact finder. The same proposition appears in Allied Mutual Casualty Co. v. Dahl, 255 Iowa 208, 218, 122 N.W.2d 270, and in Winter v. Moore, 255 Iowa 1, 11, 121 N.W.2d 82, where it was said:

"Plaintiff's argument the jury should have been instructed as a matter of law she was not within the guest statute is largely based on the claim the evidence on the point is undisputed. * * * However, even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them, the question is for the jury. Rule 344(f)17, Rules of Civil Procedure."

 Nevertheless, appellant argues that when Olson observed the Marietta car as it approached the intersection at an unreduced speed, he was required to slow up further or stop, and that his failure to do so under these circumstances required a finding of negligence against him as a matter of law, and a further finding that his negligence was a proximate cause of decedent's death. She concedes it was plaintiff's burden to prove Olson was negligent by a preponderance of the evidence, and that Olson, approaching from the right, "initially" had the right to assume the motorist approaching from his left would yield the right-of-way at the intersection. This assumption, she contends, ceases to protect a motorist when it becomes apparent, or in the exercise of ordinary care and caution should become apparent, that the other motorist is not going to yield. At that point the driver must be judged by (1) his failure to keep a lookout, (2) his lack of control, and (3) his speed in violation of the assured-clear-distance-ahead statute. She cites Mazur v. Grantham, 255 Iowa 1292, 125 N.W.2d 807, and Hutchins v. LaBarre, 242 Iowa 515, 528, 47 N.W.2d 269, in support thereof.

The vital question on this issue, then, is, when was Olson

required to know that the vehicle to his left was not going to yield? This question is not new to us. We considered a very similar situation in Bannister v. Dale, 252 Iowa 1031, 1035, 1036, 109 N.W.2d 626, wherein the above-mentioned cases were considered, and said: "But it is fairly clear the finding is warranted plaintiff was not contributorially negligent at least until she realized or should have realized defendant would not accord her the right of way. Reasonable minds could find she had no sufficient reason, during the first several hundred feet they traveled after she first saw him, to anticipate that defendant would violate the law. [Citations] The tendency of many drivers not to stop or slow down at intersections until they are very close to a favored highway is well known."

While we do not advocate dependence upon the latter practice, we feel committed to the rule that in such instances the question of when a preferred motorist should yield is one for the jury. Here, when Olson realized Marietta was not going to slow down or stop, the jury could find it was too late to avoid the collision, and whether he should have realized that fact before it was too late was for the finder of fact. See Kuehn v. Jenkins, 251 Iowa 557, 565, 100 N.W.2d 604. We are satisfied the evidence here does not compel a finding against Olson in one of the above specifications as a matter of law, and the assignment must be denied.

V. Appellant next assigns as error the trial court's failure to find defendant Ronald J. Marietta guilty of recklessness and intoxication proximately causing the death of decedent. There being ample evidence in this case to render the issues submissible, the assignment is without merit. Bohnsack v. Driftmier, 243 Iowa 383, 52 N.W.2d 79. They were submitted and considered by the court. Its finding was adverse to appellant and is binding upon us.

Sharon Clark was a guest in the Marietta car, and section 321.494 of the 1962 Code applies. It provides: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the

influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

As before stated, it was plaintiff's burden to prove defendant's recklessness. Goodman v. Gonse, 247 Iowa 1091, 1099, 76 N.W.2d 873. We recently pointed out in the case of Kauzlarich v. Fitzwater, 255 Iowa 1067, 1069, 125 N.W.2d 205, that reckless operation of a motor vehicle as used in section 321.494 means more than negligence, more than want of ordinary care. We said: "It means, proceeding with no care coupled with disregard for consequences, the acts must manifest a heedless disregard for or indifference to the rights of others in the face of apparent danger or danger so obvious the operator should be cognizant of it, when the consequences of such actions are such an injury is a probability rather than a possibility." Also see Siesseger v. Puth, 213 Iowa 164, 182, 239 N.W. 46, 54; Fritz v. Wohler, 247 Iowa 1039, 1041, 78 N.W.2d 27, 28; Beletti v. Schuster, 253 Iowa 1166, 115 N.W.2d 858; Winter v. Moore, supra, 255 Iowa 1, 12, 121 N.W.2d 82, 88, and citations.

We pointed out in these cases, some of which are cited by appellant, that the elements of recklessness are (1) no care, couple with disregard for consequences; (2) there must be evidence of defendant's knowledge, actual or chargeable, of danger and proceeding without any heed of or concern for consequences; (3) the consequences of the actions of the driver are such that the occurrence of injury or damage is a probability rather than a mere possibility. A persistent course of conduct showing these elements must appear in the evidence, for if this were not so we would allow an inference of recklessness from every negligent act. Also see Allbee v. Berry, 254 Iowa 712, 714, 119 N.W.2d 230, and Lewis v. Baker, 251 Iowa 1173, 1177, 104 N.W.2d 575, 577.

Appellant argues that Marietta's admission that he illegally drank beer while operating his vehicle on the highway, that he did not look to his right as he approached this intersection until he was about 340 feet from the center thereof, that he did not slow down as he approached the intersection and did not see the lights of the Olson vehicle until just before the collision, was conclusive evidence of recklessness. Although it may be said Marietta was negligently operating his automobile at the time,

and there was evidence of recklessness and intoxication, these issues were clearly for the finder of fact and the evidence was not so conclusive as to require a finding against Marietta thereon. It does not appear this was a heavily-traveled road or that Marietta was driving at an excessive speed as he approached the intersection or that he did not look for a vehicle approaching from his right. Even if he had a can of beer in his hand while driving, a practice we deplore, this fact alone is not conclusive of no care and a disregard for consequences. On the other hand, there was substantial evidence to support the trial court's finding on this issue and it cannot be disturbed. Sands v. Harms, 257 Iowa 1050, 135 N.W.2d 544; rule 344(f)1, R. C. P.; Gammel v. Perry, 256 Iowa 1129, 1131, 130 N.W.2d 550, 551.

VI. Besides Marietta's own testimony that he drank two or three cans of beer and the finding of beer cans in the car after the collision, the evidence relating to intoxication was given by the father and mother of decedent. Both testified from their observation of Marietta right after the accident they believed he was under the influence of intoxicating liquor. They saw him just after he had walked or run nearly two miles toward Linn Grove to report the collision. On the other hand, Mrs. Roger Huntress, who gave Marietta a lift when he was about a fourth of a mile from Linn Grove in his quest for help, observed him for ten or fifteen minutes and said he did not appear to be under the influence of intoxicating liquor. Dr. Kenneth H. Prescott, of Storm Lake, who treated him for his injuries early in the morning, testified he did not notice anything unusual about his manner or speech and did not find him intoxicated. In addition, the town marshal of Marathon had talked to Marietta for some time around 10 p.m. and stated in his opinion Marietta was sober. Clearly, the evidence on this issue was contradictory and was for the finder of fact.

VII. The trial court's finding that the defendant Olson was not guilty of negligence which was the proximate cause of the collision and of the death of plaintiff's decedent, that the defendant Marietta was not under the influence of intoxicating liquor at the time of this collision and not guilty of reckless operation of his vehicle, that the proximate cause of the collision

and death of plaintiff's decedent was the negligence of defendant Marietta in whose automobile decedent was a guest, was supported by substantial evidence, and the court's judgment in favor of defendants and against plaintiff must, therefore, be affirmed.—Affirmed.

All JUSTICES concur.