Sandra Shoop, appellee, v. Helen Marie Kuppinger Hubbard, appellant.

No. 52230.

 

DECEMBER 13, 1966.

REHEARING DENIED FEBRUARY 6, 1967.

 █ 

Westfall, Laird & Burington, of Mason City, for appellant.

Warren L. DeVries, of Mason City, for appellee.

MOORE, J.—This guest case was submitted to the jury on both recklessness and defendant-driver being under the influence of intoxicating liquor. The jury answered interrogatories .finding defendant was not intoxicated but guilty of reckless driving. From judgment on verdict for plaintiff, defendant has appealed.

The sole issue presented on this appeal is whether the evidence was sufficient to create a jury question on recklessness.

Since the enactment of our guest statute in 1927 we have written scores of opinions construing it and announcing definitions and elements of recklessness. The earliest and most cited case which defines recklessness as applied to the statute is

Siesseger v. Puth, 213 Iowa 164, 239 N.W. 46 (1931). Judge Graven in Russell v. Turner, 56 F. Supp. 455 (1944), thoroughly reviews our opinions, the applicable principles and definitions, and lists in detail the cases wherein we hold the evidence sufficient to justify submission of a guest's case to the jury as well as those in which we hold to the contrary. Later our decisions are reviewed in a 1959 article written by William G. Wheatcraft in 8 Drake Law Review 128, entitled "Recklessness in the Iowa Guest Statute." See also annotation, 6 A. L. R.3d 769, entitled "Speed, Alone or in Connection with Other Circumstances, as Gross Negligence, Wantonness, Recklessness, or the Like, under Automobile Guest Statute" and annotation, 6 A. L. R.3d 832, entitled "Gross Negligence, Recklessness, or the Like, Within 'Guest' Statute, Predicated upon Conduct in Passing Cars Ahead or Position of Car on Wrong Side of the Road".

Many of our more recent pronouncements on the legal principles involved in the question now before us are cited in the splendid briefs filed by counsel. They indicate no real disagreement on the law to be applied. From the long history of our guest statute litigation we believe these principles are now well established.

Reckless operation of a motor vehicle as used in our "guest statute", section 321.494, Code 1962, means more than negligence, more than want of ordinary care. It means, proceeding with no care coupled with disregard for consequences, the acts must manifest a heedless disregard for or indifference to the rights of others in the face of apparent danger or so obvious the operator should be cognizant of it, when the consequences of such actions are such an injury is a probability rather than a possibility. Recklessness may include willfulness or wantonness, but if the conduct is more than negligence it may be reckless without being willful and wanton. The elements of recklessness are: (1) No care coupled with disregard for consequences, (2) there must be evidence of defendant's knowledge, actual or chargeable, of danger and proceeding without any heed of or concern for consequences, and (3) the consequences of the actions of the driver are such that the occurrence of injury is a probability rather than a possibility. We have required evidence of a

persistent course of conduct to show no care with disregard for consequences. If it were not so required we would be allowing an inference of recklessness from every negligent act. Kauzlarich v. Fitzwater, 255 Iowa 1067, 1069, 1070, 125 N.W.2d 205, 206; Delay v. Kudart, 256 Iowa 523, 530, 128 N.W.2d 201, 205; Martin v. Cafer, 258 Iowa 176, 179, 138 N.W.2d 71, 73, 74; Clark v. Marietta, 258 Iowa 106, 113, 138 N.W.2d 107, 111, and citations in each.

██ It is not for us to determine whether defendant was reckless. Our review is not de novo but for correction of errors at law. Rule 334, Rules of Civil Procedure. Our function is to decide whether the evidence is such that an inference of recklessness may be fairly drawn therefrom. Tuttle v. Longnecker, 258 Iowa 393, 398, 138 N.W.2d 851, 854, and citations. Only the evidence most favorable to plaintiff is considered whether or not contradicted. Lewis v. Baker, 251 Iowa 1173, 1177, 104 N.W.2d 575, 577; Kauzlarich v. Fitzwater, supra, 255 Iowa 1067, 1069, 125 N.W.2d 205, 206. Plaintiff has burden to prove defendant's recklessness. Goodman v. Gonse, 247 Iowa 1091, 1099, 76 N.W.2d 873, 877; Kauzlarich v. Fitzwater, supra.

With these principles in mind we go to the evidence and the difficult question of determining whether from the facts shown an inference of recklessness may be fairly drawn. Defendant contends her motion for directed verdict and for judgment notwithstanding the verdict should have been sustained on the ground the evidence was insufficient to create a jury question on recklessness.

█ The evidence taken in its most favorable light for plaintiff shows that on Friday evening, February 2, 1962, Mary Kay McDonough picked up her Mason City High School friend, defendant, Helen Marie Kuppinger (now Hubbard) after which they visited Helen's mother at a local hospital. On leaving the hospital they drove around and each drank a can of beer. They then picked up plaintiff, Sandra Malfero (now Shoop) and Barbara Fraser. These four high school friends had planned to ride around together that evening but had no special plans. After traveling around Mason City in the McDonough car the four girls procured six bottles of beer at a supermarket and

then went to the Kuppinger residence where they changed to defendant's brother's 1958 Ford and she became the driver. Defendant, then 17, had taken driver's training and had been driving for about a year.

After leaving the Kuppinger residence some of the beer was consumed by the girls. Defendant drank one bottle. The four girls shortly thereafter went to a drive-in where each had something to eat and drink. Defendant had a cheeseburger, french fries and a soft drink. They then decided to drive to Clear Lake to see Gary Shoop, now plaintiff's husband.

After purchasing gasoline they proceeded toward Clear Lake on highway 18. The testimony regarding the condition of the highway is in conflict. Several witnesses described it as dry but with some icy spots. A highway patrolman and Gary Shoop described it as frost covered and exceptionally slippery, practically greasy. Under the stated rule we must consider the road condition as described by the patrolman and Shoop.

To go from Mason City to Clear Lake the girls traveled an east to west direction and shortly before reaching the point of the accident the highway curves and then goes in a southwesterly direction. The accident happened on this southwesterly stretch where the highway is level and straight. It then curves to the right some distance from the scene.

For about a mile before the accident they followed a panel truck driven by Robert Davis at a distance of approximately three car lengths. Over the same distance the Kuppinger car was followed by an automobile driven by Clair A. Beenen. His car was about a half mile behind that of the girls. The three vehicles remained the same distances apart until just immediately before the accident and were traveling 45 to 50 miles per hour. All were traveling on their right half of the 24-foot wide blacktop road surface. No unusual movements were made by the Kuppinger car until it started to pass the panel truck.

The accident occurred about a half mile west of the entrance to the Mason City airport and east of the Clear Lake city limits when defendant accelerated the speed of her vehicle and attempted to pass the panel truck. As she did so the automobile went into a skid and spin, then off the road at about a 45-degree

angle into the south ditch and continued for 145 feet until it struck a utility pole. The four girls were seriously injured and the car damaged beyond repair. Plaintiff's injury resulted in amnesia. Defendant was unable to recall anything about the accident beyond the point where the car started to skid.

Davis testified when defendant's vehicle started to pass his panel truck and went into the skid he heard the motor roaring and opined the driver's foot hit the accelerator rather than the brake. Miss Fraser testified she noticed defendant was driving a little fast and that plaintiff asked her to slow down. This was just before defendant accelerated her vehicle and attempted to pass the truck. She further testified when the car started to skid and spin she observed defendant attempting to bring it under control and at that point the speedometer showed 70 miles per hour. She expressed the opinion defendant was intoxicated. No other such evidence was offered.

To sustain her allegation of recklessness plaintiff sets out in her brief these facts or conclusions from the evidence. Defendant was a young, inexperienced driver, she had consumed beer, the highway was slippery and greasy, it curved to the right a short distance from the scene, after a protest defendant accelerated the speed of her vehicle to 70 miles per hour at night in an attempt to pass a truck in heavy traffic, lost control of her car, left the highway and skidded 145 feet into a utility pole causing severe injuries to all the passengers and demolishing the vehicle.

We are unable to agree with plaintiff's contention and the ruling of the trial court. Defendant was operating her vehicle in the same manner and speed of other vehicles on the highway until she attempted to pass the panel truck. The evidence fails to establish a persistent course of conduct to show no care with disregard of consequences. The evidence is insufficient from which an inference may be fairly drawn that defendant drove without concern for consequences or that the consequences of her actions were such that occurrence of injury was a probability.

We have often said, mere inadvertence, thoughtlessness, error of judgment, or other negligence not amounting to a heedless disregard for or indifference to consequences is not sufficient to carry a guest-statute case to the jury. Nehring v. Smith, 243

Iowa 225, 236, 49 N.W.2d 831, 837; Goodman v. Gonse, 247 Iowa 1091, 1100, 76 N.W.2d 873, 878. We think the evidence presents a case of negligence but falls short of establishing a jury question on recklessness.

While the facts in each case must be carefully analyzed in the light of the applicable legal principles we believe our conclusion finds support in these cases where the vehicle left the traveled portion of the highway. McBride v. Dexter, 250 Iowa 7, 92 N.W.2d 443; Beletti v. Schuster, 253 Iowa 1166, 115 N.W.2d 858; Wilcox v. Hilligas, 254 Iowa 204, 117 N.W.2d 42; Kauzlarich v. Fitzwater, 255 Iowa 1067, 125 N.W.2d 205.

Plaintiff, as did the trial court, relies heavily on our recent case of Martin v. Cafer, 258 Iowa 176, 138 N.W.2d 71. We therein recognized the established legal principles which we have stated supra and held the question of recklessness was for the jury. The evidence showed the motorist-host drove 60 to 70 miles per hour in a 45-mile-per-hour zone through fairly heavy five o'clock traffic and then made a right turn at a known T intersection without in any manner slowing down, resulting in the vehicle rolling completely over and defendant then attempting to drive on. This driving by defendant was in spite of the repeated requests of plaintiff that defendant stop and let him out followed by bragging of defendant of his ability to drive. The facts are much stronger than the case at bar. Persistent heedless driving and disregard for the safety of the passenger is shown in Martin. We have no such evidence here.

Plaintiff also relies heavily on Tuttle v. Longnecker, 258 Iowa 393, 138 N.W.2d 851, where we held the question of recklessness was for the jury. In Tuttle there was evidence the motorist-host deliberately and heedlessly caused the automobile to swerve back and forth across a gravel road for about a half mile over the protest of a passenger in an attempt to scare his passengers and then lost control of his vehicle and went into a ditch. It is readily distinguishable factually from the case at bar.

We have attempted to carefully study other cases cited by plaintiff but find none which justifies submission of this case to the jury on the question of recklessness.

Having concluded the evidence including permissible inferences discloses no substantial evidence of recklessness we hold the trial court erred in overruling defendant's motion for directed verdict and judgment notwithstanding the verdict.—Reversed.

GARFIELD, C. J., and LARSON, SNELL, STUART and RAWLINGS, JJ., concur.

BECKER, J., dissents.

MASON, J., takes no part.

THORNTON, J., not sitting.