**Paul HAZELO and Paul Hazelo, Administrator of the Estate of Edythe Hazelo, Deceased, Appellants,**

**v.**

**Bernhardt J. MESENBRINK, Appellee.**

**No. 72–1139.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1972.

Decided Nov. 22, 1972.

Michael G. Shepherd, Des Moines, Iowa, for appellants.

Joseph A. Billings, Des Moines, Iowa, for appellee.

Before HEANEY and STEPHEN-SON, Circuit Judges, and BOGUE, District Judge.*

STEPHENSON, Circuit Judge.

Plaintiffs (appellants) brought this diversity action in the United States District Court for the Southern District of Iowa for damages arising out of a two-car collision. Plaintiff Paul Hazelo and his wife, Edythe Hazelo (later deceased) were riding as passengers in an automobile owned and operated by defendant (appellee) Mesenbrink at the time the accident occurred. It was stipulated that since plaintiffs were guests in defendant's vehicle the Iowa Guest Statute [1] was applicable and plaintiffs could only recover in the event defendant was reckless in the operation of his vehicle.

At the close of plaintiff's case and again at the close of all the evidence, defendant moved for a directed verdict. Both motions were denied and the case submitted to the jury which returned verdicts in favor of plaintiff, Paul Hazelo as administrator of the Estate of Edythe Hazelo, deceased, in the sum of $1,311.70, and in favor of plaintiff, Paul Hazelo, in the sum of $18,400.41. Later, upon motion of defendant, Judge Stuart entered judgments for the defendant notwithstanding the verdicts, upon the grounds there was insufficient evidence to raise a jury question of recklessness under the Iowa law.

In our review we must consider the evidence in the light most favorable to plaintiffs. Gant v. Chicago and North Western Ry. Co., 434 F.2d 1255 (CA8 1970). We, of course, apply the substantive law of Iowa.

The parties cite many cases in their briefs but agree that leading case in the State of Iowa pertaining to the Iowa Guest Statute, as here applicable, is Vipond v. Jergensen, 260 Iowa 646, 148 N.W.2d 598 (1967). The Iowa Supreme Court in discussing the requirement of recklessness under the statute stated in part as follows (at pages 600–601 of 148 N.W.2d):

Reckless operation under our guest statute means more than negligence, more than the want of ordinary care. It means, proceeding with no care coupled with disregard for consequences. The acts must manifest a heedless disregard for or indifference to the rights of others in the face of appar-

---

* Sitting by designation, District of South Dakota.

1. Section 321.494 Code of Iowa 1971.

ent danger or be so obvious the operator should be cognizant of it, especially when the consequences of such actions are such that an injury is a probability rather than a possibility. Recklessness may include willfulness or wantonness, but if the conduct is more than negligence it may be reckless without being willful and wanton. We have required evidence of a persistent course of conduct to show no care with disregard of consequences. If it were not so required, we would be allowing an inference of recklessness from every negligent act. (Citations omitted)

■ In the instant case plaintiffs' driver stopped his vehicle before crossing a four-lane divided highway. He waited for three or four vehicles approaching from his left to pass before he crossed the first double lane and then proceeded across the median separating the lanes and into the next double lane when his auto was struck on the right side by a vehicle approaching from his right. Approximately fifteen feet from the point of the collision plaintiff, Paul Hazelo, heard someone in the rear seat yell: "Look out Ben. Look out for that car." Defendant did not apply the brakes or decelerate the car before the collision. There is little question but what defendant was negligent in failing to keep a proper lookout and in failing to yield the right-of-way to the vehicle approaching from his right. However, momentary inattention or inadvertence, in itself, is insufficient to generate a jury question of recklessness.

■ A lengthy discussion of the evidence together with the arguments and counter-arguments of the parties would serve no useful purpose in this opinion. We have carefully examined the record and reviewed numerous cases involving application of the Iowa Guest Statute.[2]

We are satisfied, as was the trial court, that no Iowa case law supports the submission of this case to the jury on the issue of recklessness.

Affirmed.

2. Russell v. Turner, 56 F.Supp. 455 (N.D. Iowa 1944); Winkler v. Patten, 175 N.W.2d 126 (Iowa 1970); Vipond v. Jergensen, *supra*; Krell v. May, 260 Iowa 518, 149 N.W.2d 834 (1967); Martin v. Cafer, 258 Iowa 176, 138 N.W.2d 71 (1965); Shoop v. Hubbard, 259 Iowa 1362, 147 N.W.2d 51 (1967); Goodman v. Gonse, 247 Iowa 1091, 76 N.W.2d 873 (1956); Nesci v. Willey, 247 Iowa 621, 75 N.W.2d 257 (1956).