**Michelle VOGEL, Appellee,**

v.

**Michael REEG and William Reeg, Appellants.**

No. 2–56339.

Supreme Court of Iowa.

Jan. 22, 1975.

 

Fuerste, Carew & Coyle, Dubuque, for appellants.

Klauer, Stapleton, Ernst & Sprengelmeyer, Dubuque, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Defendants William and Michael Reeg, father and son, appeal from adverse rulings on their motions for directed verdict and judgment notwithstanding the verdict in an action by Michelle O'Toole Vogel for injuries sustained when defendants' automobile, in which she was riding as a guest, was involved in a head-on collision with an automobile owned and operated by Irvin Launspach.

Launspach was named defendant in division II of plaintiff's petition. At close of plaintiff's case trial court sustained Launspach's motion for directed verdict. Divisions I, III, and IV were directed at defendants Michael and William Reeg. Division I alleged recklessness pursuant to Code section 321.494, the guest statute. Divisions III and IV asserted the non-guest status of plaintiff and alleged Michael operated the automobile of his father in a negligent manner and while under the influence of intoxicants. Defendants Reeg moved for directed verdict on divisions I, III and IV at close of plaintiff's case. The motion was sustained as to III and IV but denied as to division I. Trial court overruled defendants' motion for directed verdict at the close of all evidence. It asserted the evidence was insufficient to establish a jury question as to recklessness.

After the jury returned a verdict in favor of plaintiff for $27,500 defendants filed their motion for judgment notwithstanding the verdict, again contending the evidence was insufficient to create a jury question on the issue of Michael's recklessness. The motion was overruled and the trial court entered judgment on the verdict.

Defendants' sole assigned error is trial court's denial of their motions for directed verdict and judgment notwithstanding the verdict. They assert the evidence, when viewed in the light most favorable to plaintiff, was insufficient to create a jury question on the issue of recklessness under the Iowa "guest statute", Code section 321.494.

We first noted in Schneider v. Parish, 242 Iowa 1147, 1151, 49 N.W.2d 535, 537, it is cold comfort for a lawyer or trial judge who finds himself involved with the guest statute to be told each case must depend upon a proper interpretation of the law as applied to the particular facts before him, and that no hard and fast rule can be devised to apply to all situations. However, several general principles have evolved since the court's first pronouncement on the issue of recklessness under the guest statute in Siesseger v. Puth, 213 Iowa 164, 239 N.W. 46. In Russell v. Turner, 56 F.Supp. 455, aff'd., 8 Cir., 148 F.2d 562, Judge Graven discusses decisions applying to our guest statute and definitions and principles involved. Further review of Iowa guest statute cases is contained in an article appearing at 8 Drake Law Rev. 128. Two annotations on the subject of recklessness under guest statutes are found at 6 A.L.R.3d 769 and 6 A.L.R.3d 832.

In Shoop v. Hubbard, 259 Iowa 1362, 1364, 1365, 147 N.W.2d 51, 53, this court summarized the definition of reckless operation of a motor vehicle as used in the guest statute in the following manner:

"Reckless operation of a motor vehicle as used in our 'guest statute', section 321.494, Code 1962, means more than negligence, more than want of ordinary care. It means, proceeding with no care coupled with disregard for consequences, the acts must manifest a heedless disregard for or indifference to the rights of others in the face of apparent danger or so obvious the operator should be cognizant of it, when the consequences of such actions are such an injury is a probability rather than a possibility. Recklessness may include willfulness or wantonness, but if the conduct is more than negligence it may be reckless without being willful and wanton. The elements of recklessness are: (1) No care coupled with disregard for consequences, (2) there must be evidence of defendant's knowledge, actual or chargeable, of danger and proceeding without any heed of or concern for consequences, and (3) the consequences of the actions of the driver are such that the occurrence of injury is a probability rather than a possibility. * * * Kauzlarich v. Fitzwater, 255 Iowa 1067, 1069, 1070, 125 N.W.2d 205, 206; Delay v. Kudart, 256 Iowa 523, 530, 128 N.W.2d 201, 205; Martin v. Cafer, 258 Iowa 176, [179], 138 N.W.2d 71, 73, 74; Clark v. Marietta, 258 Iowa 106, [113], 138 N.W.2d 107, 111, and citations in each."

■ It is now clear that persistent course of conduct is not an essential element of recklessness. It is in most instances a helpful yardstick or guide by which to determine recklessness as opposed to negligence. Wallace v. Reeder, Iowa, 196 N.W.2d 540, 543; Winkler v. Patten, Iowa, 175 N.W.2d 126, 131.

■ It is not for this court to say whether defendant was reckless. Shoop v. Hubbard, 259 Iowa 1362, 1365, 147 N.W.2d 51, 53; Clark v. Marietta, 258 Iowa 106, 108, 109, 138 N.W.2d 107, 109. Our review is not de novo but for correction of errors at law. Rule 344, Rules of Civil Procedure. The evidence of recklessness must be viewed in a light most favorable to plaintiff, whether contradicted or not, and must be substantial before a jury question is generated. Rules 344(f)(1) and (2), R.C.P.; King v. Barrett, Iowa, 185 N.W.2d 210, 212; Winkler v. Patten, Iowa, 175 N.W.2d 126, 129 and authorities cited in each. The evidence most favorable to plaintiff is summarized below.

On February 18, 1968, the date of the accident, nineteen-year-old Michael Reeg and his sixteen-year-old brother Donald had dates with fifteen-year-old Michelle O'Toole

(now Vogel) and her sixteen-year-old cousin Sandra Weber (now Ansel). At 3:30 p. m. they were to pick up the girls to go skating at the Nita Ho Valley near St. Donatus in Jackson County, Iowa.

After attending a church wedding anniversary celebration the Reeg brothers drove their father's (defendant William Reeg's) 1966 Plymouth automobile to the Weber home, located four miles east of St. Donatus, where they met the girls. With defendant Michael Reeg driving, plaintiff Michelle O'Toole (Vogel) riding on the passenger side of the front seat, and Donald Reeg and Sandra Weber (Ansel) riding in the back seat, they left the Weber home, traveling in a westerly direction over the road leading to Nita Ho Valley. Unknown to the girls the boys had changed plans and were heading back to the church to pick up their mother to give her a ride home. Thus, the car traveled past the entrance of Nita Ho Valley, which was approximately two miles west of the Weber home. About one-fourth mile west of the entrance to Nita Ho Valley there is a bridge over the Tete Des Morts Creek. Sandra Weber (Ansel) testified that when they crossed over a hump in the road near the bridge Michelle said to Michael, " * * * slow down. Take it easy. Remember, this is the first time you are using your dad's car." The record does not reveal how fast the car was traveling at this point or whether defendant Michael Reeg slowed the vehicle in response to plaintiff's complaint.

After traveling about two hundred fifty yards the car entered a "very slow" sixty degree curve to the left, which continued for about one hundred yards. The car straddled the middle of the road as it passed through the curve, and as it came out of the curve it continued to occupy a part of the eastbound lane, traveling at 40–50 miles per hour. At this point the road straightened and ascended slightly over the next one hundred yards. The sun was bothering Michelle's eyes, so she looked downward. Michael turned and asked her what was wrong. When he returned his eyes to the road his car was twenty to thirty feet from the Launspach vehicle. Michael immediately applied his brakes and cramped his car to the right but it collided head-on with the Launspach vehicle in the eastbound lane, at a place adjacent to the lane to the Tritz farm.

Immediately west of the Tritz farm the road follows a steep downward grade for about one-third mile. The hill crests thirty feet west of the point of impact. The road at point of impact was twenty-five and one-half feet wide, and was described as a "county gravel road".

Defendant Michael Reeg testified he had driven over this road at least one hundred fifty times prior to the accident and was familiar with the twists and turns, hills and crests and limited visibility on the road.

Plaintiff's request that defendant "slow down" and "take it easy" was made about one-fourth mile before the accident occurred. After the protest defendant negotiated at least one curve. Thus, a substantial question arises whether this evidence was too remote to have any relevance to defendant's state of mind at the time of the accident. See Neyens v. Gehl, 235 Iowa 115, 124, 15 N.W.2d 888 (evidence of defendant's *speed* .8 miles before accident properly excluded at trial as remote) citing Thomas v. Charter, 224 Iowa 1278, 1281, 278 N.W. 920, 922 (not error to exclude evidence of *speed* of a motorcycle seven hundred feet from point of collision).

More important, the record does not reveal the automobile's speed when the complaint was made. Nor was evidence produced showing defendant's response to the protest. The following from Tucker v. Heaverlo, 249 Iowa 197, 201, 202, 86 N.W.2d 353, 356 is relevant in this regard:

> "The disregarding of an admonition does not in itself evidence a reckless state of mind. (Citations).

> . . . . .

> "It is when remarks, along with the actions of the driver, disclose evidence of

a frame of mind showing no care, and complete disregard for consequences that we can say such remarks have a bearing on the question of recklessness. (Citations)."

Thus, in absence of evidence of the automobile's speed and defendant's response to plaintiff's complaint and in light of the remoteness of the complaint, the fact the protest was made adds little to show defendant proceeded with no-care attitude.

■ It is well established that speed alone is not sufficient evidence to engender a jury question on recklessness, but this statement is subject to qualification depending upon the circumstances in each case. Winkler v. Patten, Iowa, 175 N.W.2d 126, 129, quoting from Lewis v. Baker, 251 Iowa 1173, 1176, 1178, 104 N.W.2d 575, 577, 578; Whiting v. Stephas, 247 Iowa 473, 479, 74 N.W.2d 228, 231; Mescher v. Brogan, 223 Iowa 573, 272 N.W. 645.

■ The speed involved, 40–50 m. p. h., was not greater than the 60 m. p. h. sunrise to sunset limit in effect at the time of the accident. Code section 321.285(7). Nor can it be said the speed was clearly unreasonable in and of itself. Code section 321.-285(7). However, the critical question is whether the evidence of speed when combined with defendant's failure to keep his eyes on the road was sufficient to create a jury issue regarding defendant's no-care attitude. While each "guest statute" case must turn on its own facts, prior decisions involving similar factual patterns are worthy of consideration.

In Belitti v. Schuster, 253 Iowa 1166, 115 N.W.2d 858, defendant was driving on a paved road at 50 to 55 m. p. h. when another car pulled alongside as if inviting a race. Eventually the second car turned back. Defendant turned to see what had happened to the other car, lost control of his own car and ran into the opposite ditch. In upholding trial court's order directing verdict for defendants in an action under the guest statute, we noted defendant's act of turning back was intentional and under the circumstances constituted negligence, but emphasized proof of negligence is not sufficient to generate a jury question of recklessness. "Much more than a mere showing of momentary inattentiveness to his driving is required to establish recklessness under Section 321.494 of the Code." 253 Iowa at 1168, 115 N.W.2d at 860.

This court in Neyens v. Gehl, 235 Iowa 115, 15 N.W. 888, held no jury question was generated on the issue of defendant driver's recklessness under the guest statute where not more than three seconds prior to colliding with a bridge he took his eyes from the gravel road, traveling 50–60 m. p. h., to reach for a cigarette dropped by a passenger.

In Murray v. Lang, 252 Iowa 260, 106 N.W.2d 643, we upheld trial court's decision to direct a verdict for defendant who partially crossed the yellow center line on the pavement while waving to friends near a car parked on the right shoulder and collided with an oncoming vehicle which had crossed the center line in an attempt to avoid collision.

In Wilcox v. Hilligas, 254 Iowa 204, 117 N.W.2d 42, we affirmed trial court's decision directing a verdict for defendant driver in an action under the guest statute where defendant, while traveling 35 to 45 m. p. h. at night on a dry gravel road, kissed his girl friend just before running off the road into a ditch.

An example of a case where a jury question was generated on the issue of recklessness under the guest statute is Winkler v. Patten, Iowa, 175 N.W.2d 126, cited by plaintiff. There defendant, who had been drinking, was driving at least 75 m. p. h. in a 35 m. p. h. zone on a four-lane road familiar to him when he looked at someone in the back seat. At this point the road narrowed into a two-lane road and as he returned his eyes to the front he lost control of the car. In Winkler this court rejected the notion a persistent course of conduct is an essential element of recklessness, stating:

" * * * Acts indicating recklessness may occur within too short a time to come within the ordinary understanding of the word persistence and still show no care and a disregard of natural consequences." 175 N.W.2d at page 131.

The no-care attitude in Winkler was established by a combination of three factors: (1) Speed over twice the limit allowed, (2) familiarity with the highway, and (3) inattention of the driver to the car's path.

In Wilcox v. Hilligas, supra, the "kissing case", there was no showing of excessive speed, and the court in Winkler made specific mention of this fact in distinguishing the two cases. 175 N.W.2d at page 131.

We have attempted to carefully consider the well-established, applicable legal principles and many prior cases but find no justification for submission of this case to the jury on the question of recklessness. No high excessive speed just prior to the collision is shown. Michael did momentarily negligently fail to keep a proper lookout. He violated Code section 321.298 in failing to yield one-half of the road upon meeting an oncoming vehicle. However proof of that violation only establishes prima facie evidence of negligence. Schmitt v. Jenkins Truck Lines, Inc., Iowa, 170 N.W.2d 632, 644; Lemke v. Mueller, Iowa, 166 N.W.2d 860, 866; McMaster v. Hutchins, 255 Iowa 39, 47, 120 N.W.2d 509, 513. Michael made no statement nor showed any attitude indicating no-care or a heedless disregard for or indifference to the rights of others.

Having concluded the evidence including permissible inferences discloses no substantial evidence of recklessness we hold the trial court erred in overruling defendants' motions for directed verdict and judgment notwithstanding the verdict.

Reversed.